### E. S. Jackson v. The State.

Where the defendant pleaded in abatement, that the name of M. B. Browning, the foreman of the grand jury which preferred the indictment, did not appear upon the jury book of the county, nor upon the *venire facias*, and the Court below heard evidence to the effect that the foreman of the grand jury whose name appeared on the list of grand jurors as W. B. Browning, but whose real name was Mason B. Browning, was also known and sometimes called by the name of W. B. Browning, and thereupon caused the record to be amended by inserting after that name and under an *alias dictus*, the true name of the juror, it was held that there was no error.

A plea in abatement, that one of the grand jurors, (naming him,) was not a free-holder in the State nor a house-holder in the county is good.

Appeal from Brazoria.   The appellant pleaded in abatement, to an indictment preferred against him, that the name of M. B. Browning, the foreman of the grand jury which preferred the indictment, did not appear upon the jury book of the county, nor upon the *venire facias ;* and that Thomas H. Hinds, another of the grand jurors, was not a free-holder in the State, or a house-holder in the county.   The Court heard evidence to the effect, that the foreman of the grand jury, whose name appeared in the list of jurors, as W. B. Browning, but whose real name was Mason B. Browning, was also known and sometimes called by the name of W. B. Browning; and thereupon caused the record to be amended by inserting after that name, and under an *alias dictus*, the true name of the juror.

There was a demurrer to the plea in abatement, which the Court sustained. The defendant was convicted and appealed; and the ruling of the Court, in permitting the amendment of the record, and in sustaining the demurrer to the plea in abatement, was assigned as error.

*P. McGreal*, for appellant.

*Attorney General*, for appellee,

WHEELER, J. We entertain no doubt of the propriety of making the amendment, in the entry of the name of the foreman of the grand jury; if, indeed, the record, in this respect, required amendment. At most, there was a mistake only in the initial of the christian name of the juror; and this, doubtless, was the proper subject of amendment. It is not perceived that the correction of this mistake can, in any way, have operated to the prejudice of the defendant, or that he can have any cause of complaint of the ruling of the Court, in this particular.

The plea in abatement averred the want of the requisite qualification in another of the grand jury: and in the case of Foster v. The State, (9 Tex. R. 65,) it was considered that the incompetency of a grand juror will be fatal to the indictment; and that the want of qualification, which renders him incompetent, may be pleaded in abatement. If this opinion is correct, it follows that the Court erred in its judgment sustaining the demurrer to the plea in abatement. It is not questioned, that the opinion in the case of Foster is correct, on general principles; but it is suggested that the statute which requires the County Court to provide a list, and cause an entry to be made in the jury book, of the names of persons qualified to serve as jurors, (Dig. Art. 1641,) constitutes the County Court the exclusive judges of the qualifications of the persons whose names are placed by them upon the jury list; and that their action is conclusive of that question.

If it be conceded that the County Court acts judicially, and that their action is conclusive, it can only be so as to the qualification of the jurors at the time of such action. A person who was then competent to serve as a juror, may have become, or been rendered, incompetent before being called upon to serve in that capacity: for the same person may have the requisite qualifications at one time, and not at another. Hence the statute (Dig. Art. 1645) authorizes the Clerks, in drawing from the jury box, the names of persons to serve as jurors, to reject those known to them to be disqualified, or privileged from serving. And hence, also, it is evident that the action of the County Court cannot be conclusive upon the District Court, as to the qualifications of jurors.

If the action of the County Court were final as to grand jurors, it would be so also as to petit jurors; and the District Court could not entertain a challenge for any cause touching the competency or fitness of the juror to serve; a proposition which will scarcely be contended for. The law certainly gives to parties the right to question the qualifications of petit jurors, by challenge; and we think it as certainly gives the right to bring in question those of grand jurors, by pleading in abatement. And it involves no violation of principle, to consider the challenge or the plea as an appeal to the District Court, upon the question of legal qualifications of the juror.

The statute, to which we have been referred, was doubtless intended, as well to equalize the burden of the jury service, as to guard the purity and integrity of the institution. But, in respect to the latter object, from the nature of the duty devolved on the County Court and the manner in which it must necessarily be performed, it is evident that its means of forming a right judgment, must be greatly inferior to those of the District Court, where the jurors are in attendance and may be required, themselves, to furnish evidence touching their qualifications. It could not have been intended that the action of the County Court should amount to more than *prima facie* evidence of the qualifications of persons designated by

them as liable to serve as jurors. Their action, if to be regarded in the light of an adjudication upon the qualifications of jurors, is subject to revision by the District Court. It is not a final adjudication of the question, or one which is conclusive upon the rights of parties. We see nothing in the statute, to warrant a different opinion, from that herefore expressed : and we are of opinion, therefore, that the Court erred in its judgment sustaining the demurrer to the plea in abatement; and that the judgment be reversed and the cause remanded for further proceedings.

Reversed and remanded.