## HILLYARD v. CRABTREE'S ADM'R.

Where one contracts in writing to do an entire thing, as to build a house, in consideration of a certain price for the whole, and after performing part, is disabled by sickness, from fulfilling the contract, he is entitled to recover for the part performed, if it be beneficial to the other party.

Where one is entitled to recover for the part performance of a contract which is entire, and which has been broken by his own default, the measure of damages is not the actual value of the work done or part performed, nor its value proportionate to the price to be paid for the whole, but the employer is entitled to put the breach of the contract, in defence, for the purpose of reducing the damages or showing that nothing is due (by the plea in reconvention ;) and the benefit for which he is liable to be charged in that case, is the amount of value received, if any, beyond the amount of damage ; and the implied promise which the law will raise is to pay such amount of the stipulated price, as remains after deducting what it costs to procure a completion of the whole service, and also any damage which has been sustained by reason of the non-fulfilment of the contract.

Where a mechanic, working by the job, for an employer, spoils the materials or a part thereof, by a failure to use the care and skill, which he either expressly or impliedly contracted to use, the employer is entitled to recover, not the first value of the materials, but their first value, less their present value, if they have been retained by the employer.

*Appeal from Austin.* The deceased intestate had contract-

ed, by an agreement in writing, to build a gin-house, running gear, cotton-press and grist-mill, for the appellant, for the sum of five hundred and fifty dollars; the appellant to board said Crabtree and hands, and also to furnish a wagon, team and driver, nails, lumber, iron, &c. Before the completion of the job, the deceased was, by sickness, disabled from its further prosecution, and left, declaring, according to the testimony of one of the witnesses, that he would not return and complete the work. He remained sick for some months; and in the meantime, another mechanic was employed by defendant, who finished the work remaining to be done, for the sum of one hundred and ninety dollars. Defendant's demurrer to the petition was overruled. On the duplicate of the contract, in the possession of appellant, there were indorsed receipts by Crabtree, the deceased intestate, to the amount of three hundred and eight 96-100 dollars. The appellant also attempted to offer in evidence an order, drawn by Crabtree on him, and accepted by him, in favor of Mrs. Johnson, for twenty-five dollars; but which, on objection, was not received. There was also evidence that the useless irons, ordered by Crabtree, and the lumber cut up and spoiled by him, amounted to $40 or $50; and there was testimony as to the value of the services of certain slaves belonging to, or furnished by appellant.

The Court instructed the jury, that "the plaintiff's intestate "having failed to complete the work, undertaken to be per- "formed by him, at a certain price, is only entitled to recover, "for the work that was actually performed by him, what it "was worth at the rate he was to receive for the entire work, "had he completed the entire job, according to his contract "with the defendant;" and refused to instruct them, that "the measure of recovery by plaintiff is the amount of the "contract less the reasonable and fair amount defendant had "to pay for completing the job."

The jury found a verdict for plaintiff for fifty-one dollars and four cents; and a motion for new trial being overruled, defendant appealed.

33

*N. H. Munger*, for appellant.  I.  The Court erred in over-ruling the demurrer of defendant.  1st.  Because without entire performance of an indivisible contract, in writing, he was not entitled to recover anything.  (Cutter v. Powell, 6 'Term R. 320.)

Error in the measure of the recovery of the plaintiff, as ruled by the Judge, viz: the value of the work done, at the rate he was to receive for the whole job, by the contract, less negro hire, &c., if not allowed in receipts.  If that was the rule of law, and such work had doubled in value, after the contract was made, it would be the interest of the contractor to abandon such jobs, recover a rateable portion of the work done, and take a new job.  It would encourage unfair dealing, and the loss and injury fall on the innocent and not the wrongdoer,  (2 Greenlf. Ev. Sec. 261; Thornton v. Place, 1 Moody & Rob. 218.)

*J. H. Robson*, for appellee.  The instruction, asked for, is liable to the objection that it was apt to mislead the jury; for it assumes that the defendant had paid an amount for the completion of the work undertaken by plaintiff, and that the amount so paid was a fair and reasonable one.  (7 Tex. R. 584; 9 Id. 372.)

HEMPHILL, CH. J.  Various errors have been assigned, which it is not necessary to recapitulate, as the points, material to be considered, will be noticed without reference to the order in which they have been assigned.

The first assignment is error in overruling the demurrer. This does not require special notice.  The principal ground on which the demurrer rests, is the supposed entirety of the contract, and the want of legal claim against the defendant, from a performance which is only partial.  This view was, however, not urged in the argument.  It was, in effect, conceded that the plaintiff had a good cause of action, and that

he was entitled to payment for the work done by him, though but a partial performance of the contract; but the measure of his recovery, or the criterion by which to ascertain its amount, is the subject of controversy between the parties.

The Court, in its charge, instructed the jury, that the plaintiff was entitled to recover, for the work actually performed, what it was worth at the rate he was to receive for the entire work, had he completed the job according to this contract with the defendant. The defendant contends and prayed the jury be so instructed, that the measure of plaintiff's recovery was the amount of the contract, less the reasonable and fair amount defendant had to pay for completing the job. And we are of opinion that the rule, as contended for by defendant, was the true criterion by which the rights of parties should have been adjusted.

The presumption is, that the defendant has suffered damages from the failure of the plaintiff to perform the contract. He was not at liberty, however, to reject the work done, and refuse to make any payment. He had already accepted the work, as it progressed. It was beneficial to him; and he was liable for its value. But, for what more was he liable? Had the plaintiff completed the contract, he could not have demanded more than the conventional price fixed upon the work. Had the plaintiff, when disabled by sickness, employed another to finish the job, he could not have recovered more than the price originally agreed upon by the contract. It would have been immaterial to the defendant, whether such sub-contract would have been to the detriment of the plaintiff, or not—whether it would have diminished, or absorbed all the profits arising from the work already done. Had such been the fact, it would have formed no ground to increase the charges, as against the defendant, or to vary or enlarge the amount to be paid by him.

Does the fact, that the defendant was himself compelled to employ a workman to finish the job, vary or enlarge his liabilities, so far as the plaintiff is to be affected. We think not. Whether he or the plaintiff employ another workman, the ul-

timate liability of the defendant is the same; and that is for no more than he originally agreed to pay for the entire work.

The subject of entire contracts for service in part performed, received a thorough investigation in the case of Britton v. Turner, 6 N. H. Reports. And in cases analogous to the present, the rule, as laid down by that Court, is to the effect, that in case a contract is broken by the fault of the party employed, after part performance has been received, the employer is entitled, if he so elect, to put the breach of the contract, in defence, for the purpose of reducing the damages or showing that nothing is due; and the benefit for which he is liable to be charged, in that case, is the amount of value received, if any, beyond the amount of damage; and the implied promise, which the law will raise, is to pay such amount of the stipulated price, as remains after deducting what it cost to procure a completion of the whole service, and also any damage which has been sustained by reason of the non-fulfilment of the contract.

The damage in cases of the character of the one before the Court, would be generally only the amount paid for the completion of the job; and the defendant is not entitled, nor does he by the instruction ask for more than he was fairly and reasonably compelled to pay.

The other errors are of minor character, and will be disposed of very briefly. We are of opinion that the receipts were admissible in evidence, and that the order for twenty-five dollars should not have been rejected.* The useless irons, and

---

* The record did not show that the receipts were objected to, when offered in evidence; they were indorsed on a duplicate copy of the contract, produced from the plaintiff's possession; the defence was founded on them, and they purported to be signed by the plaintiff. The order for twenty-five dollars was supported by the testimony of a witness who had seen the plaintiff write once; did not pretend to be acquainted with his handwriting, but, upon comparing it with the signature to the contract which was admitted to be genuine, thought they were written by the same person; but was not an expert; there was, as is perceived, a specimen or more of the handwriting of the plaintiff already in evidence, with which the jury could compare it; and the defence, by way of payment and set-off, without distinguishing which, was founded on it. The Reporter being unable to say upon which of these grounds, the opinion of the Court is based, has omitted the points in the syllabus.

lumber cut up and spoiled, are not to be allowed to the defendant, at their full value, as estimated by the witness.   If retained by defendant, they may be useful for some purpose though not for the mill or gin, and their value should be allowed the plaintiff.   Judgment reversed and cause remanded.

Reversed and remanded.