Carroll v. Welch.

the jury correctly as to the law of the case; and that the judgment of the court below be affirmed.

Judgment affirmed.

JACOB CARROLL v. SAMUEL WELCH.

Where the captions of depositions identified the court, the cause, and the witnesses, by their proper designations, referring to the interrogatories and cross-interrogatories, and stating that the witnesses were "first duly sworn;" and the certificates at the conclusion of the depositions stated that the answers of the witnesses (naming them,) "were taken, sworn to, and subscribed before me:" *held*, to be in substantial compliance with the statute.

It is error to exclude evidence of the quality or character of mechanical work for the reason that the witness is not himself a mechanic. The degree of weight to which such evidence is entitled, depends upon the intelligence and knowledge of the subject manifested by the witness in the course of his examination.

See this case for the principles of law now applicable to cases of part performance of building and analagous contracts, *entire* in their character; and for the respective liabilities of the parties to each other upon an abandonment of their contract by either or both.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

The appellee, Welch, brought this suit against Carroll, the appellant, to recover compensation for work done by the plaintiff in the erection of a dwelling house for the defendant. The petition set forth a special contract by which the defendant agreed to pay the plaintiff $1,200 to do the wood work of the building, and also sought a recovery upon a *quantum meruit* for extra work. The parties disagreed before the work was completed, and it was disputed as to which failed in the performance of their respective obligations under the contract, in consequence of which the building was left unfinished by the plaintiff.

The case turned chiefly upon the quality and value of the work

done by the plaintiff, in regard to which the testimony was con-flicting.

The plaintiff introduced certain depositions to which the defend-ant objected,—1st, that they were not duly certified by the officer taking them ; 2nd, that the commission, interrogatories, and cross-interrogatories had not been returned with the answers by the officer taking the depositions; 3d, that the officer who took the deposi-tions was security for the plaintiff on his bond for costs ; and 4th, that some two months had elapsed between the taking and return of the depositions. The mode in which the depositions were certi-fied is sufficiently indicated in the synopsis. The objections were overruled, and the defendant excepted.

The defendant offered the testimony of two witnesses, Pilgrim and Evans, with regard to the quality of the work, and the plain-tiff objected because it appeared from the testimony itself that the witnesses were not carpenters. The court sustained the objection, excluded the testimony, and the defendant excepted.

Verdict and judgment for plaintiff, for $813, and costs of suit ; new trial refused, and defendant appealed. There were several other errors assigned, of which no notice is taken in the opinion.

*Stewart & Mills*, for appellant.

*T. N. Waul*, for appellee.

WHEELER, C. J. We do not think the objections to the depo-sitions of Dillard, Lewis and Askins, well taken. The certificate of the officer is a substantial compliance with the law. (O. & W. Dig., art. 455.) It is different from the case of Chapman v. Allen. (15 Tex., 278.) The caption of the depositions, which is published in the report of that case, was not considered as con-stituting or as intended to constitute the certificate which the statute requires. That was distinct from the caption, was found in the proper place, and failed in one of the requisites prescribed by the statute. It was therefore held insufficient.

But there was error in excluding the testimony of the witnesses, Pilgrim and Evans. That they were not carpenters was not a

Carroll v. Welch.

ground for wholly excluding their testimony. It did not necesa-
rily follow that they did not possess competent knowledge of the
subject to speak to the question of the character of the work done
by the plaintiff. The weight to which their testimony was enti-
tled would depend upon the intelligence and knowledge of the
subject they manifested, and other circumstances which it was for
the jury to consider ; but there was no sufficient ground for exclud-
ing them altogether. This point was decided in the case of Gon-
zales College v. McHugh. (21 Tex. R., 256.)

As the exclusion of the evidence will require a reversal of the
judgment, it is only necessary to indicate the rules which regulate
the rights of the parties and the amount of recovery to which the
plaintiff may be entitled.

The doctrine of the earlier decisions to the effect, that where the
contract in cases like the present is entire, the performance by the
employee is a condition precedent, and he has no remedy until he
has fully performed his part, is not now the recognized doctrine of
the court. (Killiard v. Crabtree, 11 Tex. R., 264 ; Sedgw. on
Meas. of Dam., 215, 2nd edit.) According to the modern de-
cisions, and the decisions of this court, the rule appears to be, that
if the employee abandons his contract, the employer shall be
charged with only the reasonable worth, or the amount of benefit
he has received upon the whole transaction, and in estimating the
amount, the contract price cannot be exceeded. The former is
allowed to recover for his part performance, its reasonable worth,
not to exceed the contract price, and the latter to recoup or recon-
vene his damages for the breach of contract by the former. Where
the employee is discharged without cause, or is prevented by the
employer from completing the performance, he is entitled to re-
cover for the part performed, and the damages he has sustained by
reason of the breach of contract by the employer. If both parties
have broken the contract, or there has been a mutual abandonment
of it by both parties, the employee is entitled to recover the
reasonable worth of the services he has rendered the employer.

If the plaintiff was thrown out of employment and lost time by
the failure of the defendant to furnish the materials according to
his undertaking, the former is entitled to be compensated the

damages he thereby sustained.　And for work done by the plaintiff at the instance of the defendant, for which the price was not stipulated, or the contract did not provide, the plaintiff is entitled to be compensated what it is reasonably worth.

The judgment is reversed and the cause remanded.

Reversed and remanded.