# SUPREME COURT OF TEXAS.

## TERM OF 1871-2.

---

### T. F. HOLLIS v. J. H. F. CHAPMAN AND ANOTHER.

1. In our practice all actions are special actions on the case, and a petition should set forth a full and clear statement of the cause of action, without ambiguity or contradiction, and should also state clearly the relief sought.

2. Plaintiff sued on a *quantum meruit* for carpenter's work done, and materials furnished in the completion of defendants' house. Defendants answered that there was a special contract whereby plaintiff undertook to complete the job by a given time, for a specified gross sum; that the house was consumed by fire before completion by the plaintiff, so that nothing ever became due to plaintiff; and that more than two years had elapsed since the making of the contract and before the commencement of the suit, and, therefore, the action was barred by limitation, etc. Plaintiff, by amendment, adopted the special contract alleged by the defendants, but claimed that it was apportionable, etc. The house was burnt in December, 1866, and when plaintiff had nearly completed it; the suit was brought in November, 1868; and the amended petition adopting the special contract was filed in January, 1869, and more than two years after the performance of the work and the destruction of the house. But *held*, that the amended petition did not set up a new cause of action, and, therefore, the plaintiff was not barred by limitation.

3. Plaintiff, a carpenter, undertook to furnish materials, and do the woodwork necessary to finish defendants' brick building, and to turn over the building, complete, by a given day, for a specified gross sum. When plaintiff had nearly completed the work, the building was destroyed by fire, without his fault. *Held*, in view of former decisions of this court, that the contract was apportionable, and plaintiff was entitled to recover for the materials furnished and work done by him.

APPEAL from Galveston. Tried below before the Hon. George R. Scott.

The facts are indicated in the opinion and the head-notes.

1

*Mills & Tevis*, and *W. H. Stewart*, for the appellant.

*Ballinger, Jack & Mott*, for the appellee.

OGDEN, J. Under our blended system of legal jurisprudence, and especially under our peculiar system of pleading, common counts in declarations, as technically known at common law, have never been considered as necessary or essential. But, while most of the fictions, and many of the forms, recognized and prescribed in the books, have in this State been abolished, yet the substance of every count and form is as requisite under our practice as under any other system ; every action being a special action on the particular case, the petition should set forth " a " full and clear statement of the cause of action," without ambiguity or contradiction, and also a clear statement of the relief sought. A petition may, therefore, be so framed as to declare on a special contract, and in any other form, so that the same is clearly intelligible, and not contradictory.

We do not consider it important in this case whether the plaintiff below brought his suit on a special contract, or on an open account for work and labor done, and materials furnished, since the *cause* of action was the same (Keys *v.* Stone, 5 Mass. 391; Linningdale *v.* Livingstone, 10 Johnson, 35); and though the pleadings of the defendants, and the rulings of the court, have forced the plaintiff below to change the technical form of action, yet neither the suit nor cause of action was changed, and the statute of limitations would not bar the suit, unless the cause of action, as set up in the original petition, was barred.

There seems to be a peculiar equity in this cause, since the plaintiff, who had brought suit for work and materials put upon a certain house, was finally compelled by the rulings of the court to adopt a specific written contract set up by the defendants, for the same work and materials, which the plaintiff had never signed, and, so far as the proof shows, never had in his possession, and could hardly be presumed, after the lapse of two years, to know its contents. The rulings of the court, therefore,

on defendants' demurrer and exceptions, could not be very important, since the plaintiff below was rightly permitted to prove the part-performance of the contract as finally adopted, with the value of the same, and the reason for not completing said contract as proven, as fully to all intents and purposes, as he might have done under the original petition had there been no specific contract.

The only question, therefore, important to decide in this case, is presented in the sixth assignment. That the verdict of the jury was contrary to the law, as presented in the charge of the court, cannot be controverted, as the charge instructed the jury substantially that, as the contract was an entirety, and was not completed, the plaintiff was entitled to recover only for the value of the work and materials saved from the fire; and that he was liable to defendants for all advances made to him, and for the materials sold to plaintiff. And the facts show, that under that charge the verdict should have been much larger for defendants than it was. But we are of the opinion that "the "verdict of the jury was contrary to the law and the evidence;" and, also, that the charge of the court, which should have governed the jury in their findings as to the law, was contrary to the law of the case, and not in harmony with the uniform decisions of this court.

It may be admitted, that by the civil and common law, where there is a specific and positive contract, absolutely to do an entire piece of work, or job, subject to no conditions either expressed or implied, and to be paid for only when the work is completed according to the contract, such a contract is not apportionable, and the contractor is not entitled to any pay until the work is completed. But when there is a condition, or when the contract is dependent upon the execution of another contract, or where the payment is not specifically deferred to the completion of the undertaking, in such a case the contract is apportionable, and in case of an accident rendering the completion of the contract impossible, the contractor is entitled to a *pro rata* pay for his work; and this appears to have been the

rule recognized by the best authorities. (Story on Bailments, 363.) In the case at bar, the appellant Hollis agreed to furnish the materials and do the carpenter's work on two brick buildings then in process of erection, for a specified sum. He further agreed to turn the buildings over finished complete, and to do the work with all possible dispatch. This agreement could not possibly have been an entire independent contract, for it was dependent on many circumstances, such as the erection of the walls to receive the carpenter's work, the plastering, glazing, painting, etc., and there was no stipulation in regard to the time of payment. And we think the weight of authority authorizes us in deciding that on the event of the accidental destruction of the building by fire, he was entitled to recover the value of his labor and materials expended on the building. (Clark *v.* Franklin, 7 Leigh, 6 ; Haywood *v.* Leonard, 7 Pickering, 180 ; Story's Eq., 362.)

But it is claimed that appellant agreed to finish the building, and that in consequence he is not entitled to pay until he has complied with the terms of his contract. But we think it will not be contended that appellant agreed to build the walls, nor to ensure their standing until the wood-work was completed; and that in case of some internal defect in the walls, or the ground on which they stood, the whole building had fallen before the work was completed, it is believed the carpenters could not be held responsible. It must be remembered that the appellant, as carpenter, had no control or authority over the masons, plasterers, or painters, and if they by accident or design had destroyed the building, certainly the carpenters should not be made to answer for their fault.

The contract was to furnish the material and do the wood-work of the houses being built on appellees' premises, and therefore, every joist or sill that was placed in the wall, or piece of lumber nailed to the same, became inseparably connected with the building, and a part of the realty, and therefore the property of appellees ; and in case of the destruction by accident, or the act of God, the rule *res perit domino* will

apply, and appellees cannot look to any one to make good their loss. We are, however, referred among many other cases to Appleby v. Myers, in 2 English Law Reports, 652, as a case settling the law against the appellant in this case. But we are unable to so understand the decision in that case. In the first place, the contractors agreed to furnish a specific and entire thing; to receive no pay until the machinery was completed, and then they specially warranted the machinery to run for two years; and on their failure to complete the machinery in consequence of the destruction of the building by fire, the court very properly decided that they by express agreement were to get no pay until the work was done, and that, therefore, the completion was a condition precedent to a recovery. But in that case the court says, "It is quite true that materials worked "by one into the property of another become part of the "property, and therefore generally, in the absence of some-"thing to show a contrary intention, the bricklayer, or tailor, "or shipwright, is to be paid for the work and materials he has "done and provided, although the whole work is not com-"pleted. It is not material whether in such a case the non-"completion is because the shipwright did not choose to go on "with the work, as in the case of Roberts v. Havelock, 3 "Barnwall & Adolphus, 404, or because in consequence of a "fire he could not go on with it, as in Menetone v. Athawes, "3 Burrows, 1592."

But this court, by a succession of decisions, has settled the question of the apportionability of contracts, and we are inclined to follow those decisions in this case. (See Baird v. Radcliff, 10 Texas, 82; Hilliard v. Crabtree, 11 Texas, 264: Gonzales College v. McHugh, 21 Texas, 256, and Carrol v. Welch, 26 Texas, 147.) In the last case the court says: "The "doctrine of the earlier decisions, to the effect that where the "contract in cases like the present is entire, the performance by "the employee is a condition precedent, and he has no remedy "until he has fully performed his part, is not now the recog-"nized doctrine of the courts."

An attempt was made in the Court below to prove that the destruction of the building was owing to the carelessness or neglect of appellant; but we think the attempt wholly failed to establish that fact; and we can very readily see the cause of that failure, since appellant was only one of four or five independent contractors on the same building, and the fire might have been caused by any one of them. Besides, the appellees were about the building daily, overseeing and directing the work of all, and if the building was not kept clean, and closed at night, perhaps it was more appellees' duty than any one else to have attended to it, for the protection of their own property.

For the reasons herein stated the judgment is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

　　　　　　　　　　　　　　　　Reversed and remanded.