## No. 2366.

### ALBERT WEIS *v.* HARRY DEVLIN.

1. BUILDERS' RISKS—NEGLIGENCE.—A builder is not required to protect himself against loss by fire by insuring the property of another, which he is constructing or repairing; and, if a fire occurs and destroys the structure during the progress of the work, his failure to do so will not be regarded as negligence.

2. BUILDERS' CONTRACT.—If one undertakes to furnish the material and build a house for another, to be paid for when the work is complete, and the structure is destroyed by fire during the progress of the work, without fault of either party, the builder can not recover for the material furnished and labor performed.

3. SAME.—If, however, the contract be for the builder to furnish material and perform labor in altering a structure already erected, according to specifications agreed on, there being no agreement as to when payment should be made, and, without fault of either contracting party, the structure itself is destroyed by fire when the work of altering has been but partially performed, the rule is otherwise.  Under such circumstances the owner must pay the builder a full compensation for the work done and material furnished before the fire.  *Quære,* whether this rule would be applied if the owner should reconstruct the house as it was before the remodeling under the contract began, and then demand of the builder to comply with his contract.

4. CASES CITED AND REVIEWED.—Hollis v. Chapman, 36 Texas, 1; Cleary v. Sohier, 120 Massachusetts, 210; Lord v. Wheeler, 1 Gray, 282; Wells v. Calnan, 107 Massachusetts, 514; Carroll v. Welch, 26 Texas, 149, and Gonzales College v. McHugh, 21 Texas, 257, cited and reviewed.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

*Davis & Davidson,* for appellant, on their proposition that the court erred in charging the jury that "The verdict should be for the plaintiff for such pro rata part of the contract price as the work and materials wrought into the building bears to the entire work and materials contracted for," regardless of the fact that the contract was entire, and that the defendant was not to pay the contract price, eight hundred and fifty dollars, until the completion of the job, they cited Adams v. Nichols, 19 Pickering, 275; Brumby v. Smith, 3 Alabama, 123; Tompkins v. Dudley, 25 New York, 272; School District v. Dauchy 25 Connecticut, 530; Bacon v. Cobb, 45 Illinois, 47; Shanks v. Griffin, 14 B. Monroe, 153. Hollins v. Chapman, 36 Texas, 1, does not apply, and, even if it did, is against the great weight of authority.

*Geo. P. Finlay,* for appellee, cited Hollis v. Chapman, 36 Texas, 1; Carroll v. Welch, 26 Texas, 149; Hays et al. v. Baptist Church, 3 Western Reporter, 829, Lawyer's Co-operative edition of the Supreme Court of Missouri, March, 1886; Cleary v. Sohier, 120 Massachusetts, 210; Cook v. McCabe, 53 Wisconsin, 250; Rawson v. Clark, 70 Illinois, 656; same case, American Reporter, 765; Niblo v. Binsse, 1 Keyes, New York, 476.

STAYTON, ASSOCIATE JUSTICE. It appears that some time prior to September 1, 1885, the appellant desired to have alterations and repairs made on his dining room, which did not involve the entire reconstruction of that part of the house on which he desired work done. He caused specifications and general designs of the work desired to be done to be drawn by an architect and designated as "Designs for remodeling of dining room in residence of Albert Weis, Esq." Through the architect he sought bids from the builders and mechanics for the work, plans and specifications being given.

The appellee made two propositions to do the work and furnish the material, which were as follows:

"GALVESTON, September 1, 1885.
"*Mr. N. J. Clayton, Architect:*

"The undersigned will agree and contract to remodel house for Mr. Weis, as per plans and specifications and details [meaning those referred to in said Exhibit A] made by you at the undermentioned figures, to wit:

"For all work and material except that contained in painter's specifications, using openings as they are at present.........................................................$793 00

"Or with all new openings in the dining room to correspond with details. I to take old openings, grates and mantels for..........................................................$850 00

"Respectfully,

"(Signed)                                          HARRY DEVLIN."

The proposition to furnish the material and do the labor for eight hundred and fifty dollars was accepted, and the greater part of the material necessary and labor to be done went into the building before the thirteenth of November, 1885, at which time the entire building, without fault of either party, was destroyed by the great fire which then occurred in Galveston. There was no agreement as to the time when the payment for the material and labor should be made.

This action was brought to recover for the material furnished and the labor done, and the court instructed the jury as follows: "If you believe from the evidence that the agreement between plaintiff and defendant was that the plaintiff was, for the sum of eight hundred and fifty dollars, to do the work and furnish the materials, all at his own expense, and repair the L of defendant's building according to the plan and specifications in evidence, and that the plaintiff, in accordance with the contract, had done a part of the work and had attached a part of the materials to the building, but that, before the completion of the contract, the building and all the materials on hand were destroyed by the great fire of November 13, 1885, without the fault of either party, then your verdict should be for the plaintiff for such a pro rata part of the contract price as the work and materials wrought into the building bears to the entire work and materials contracted for," etc.

There was a verdict and judgment in favor of the appellee for five hundred dollars and interest on that sum from November 13, 1885.

The defendant denied his liability under the facts, and as a further defense urged that it was the duty of the plaintiff to have taken out insurance, and that his failure to do so was such negligence as would defeat his right to recover. The court ex-cluded evidence tending to show that it was usual for builders to take out what are termed "builder's risks," and it is urged that this was error. We are of the opinion that there was no error in this ruling.

That the builder, for his own protection, might have taken in-surance, in no way affects his right to recover; nor could the fact that the builder may have had such a right in any way prevent the owner from taking such insurance on his own property as he might deem necessary for his own protection. If a builder be willing to trust to the solvency of the person for whom he does work and furnishes material, the latter has no right to thrust upon him the burden of insuring property on which he does work.

It is well settled that if one undertakes to furnish the material and build a house or other structure for another, the same to be paid for when the work is completed, that the builder can not recover for the partial construction in case the structure be destroyed without fault of either party; and this rule applies when the structure is such as to make it, from day to day, as erected, a part of the land to which it is intended to be per-manently attached as well as to a structure chattel in its nature. This rule has its foundation in the fact that it remains possible for the builder to complete the structure though in an unfinished state it be partially or wholly destroyed, and he is therefore left under the full obligation of his contract.

In such a case though the structure may have been so attached to the land as to become a part of it, and therefore the property of the owner of the land, the maxim, *Res perit domino*, has not been given effect.

In the case before us the appellee undertook to furnish mate-rial and to perform labor to complete an entire job. The thing to be done, however, consisted in making alterations in an ex-isting thing, which, in the nature of things, was impossible after the thing to be altered was destroyed, unless the owner saw proper to restore the house to the condition in which it was be-fore the alteration began or at the time of its destruction. This he did not elect to do, and it was not the duty of the plaintiff to do so. Had this been done it may be that the plaintiff ought

not to recover until he completed the work he undertook, and that the maxim would not apply.

It is said that "it is very clear, at the common law, that if the thing of the employer, on which work is done, and for which material is furnished, is by accident, and without any fault of the workman, destroyed or lost before the work is completed, or the thing is delivered back, the loss must be borne by the employer, and he must pay the workman a full compensation for the work and labor already done and material found, although he has derived no benefit therefrom." (Story on Bailments, 426a, citing Menetone v. Athawes, 3 Burr., 1592, and Gillett v. Mawman, 1 Taunt., 137.) It is difficult to tell from an examination of these cases whether the labor and material embraced an entire job which a contract had been made to complete.

The author intimates an opinion, however, that one contracting to do work and furnish material on a thing by the job for a stipulated price, would not be entitled to recover compensation *pro tanto* for his labor and material applied to it if the thing be destroyed before completion, and cites the case of Appleby v. Myers, L. R., 2 C. P., 651, and Brumby v. Smith, 3 Alabama, 123. These cases support the rule, but notwithstanding the high character of the courts by which they were decided, we are not, under the former decisions made in this State, prepared to follow them. On this question there has been great difference of opinion.

In Hollis v. Chapman, 36 Texas, 1, it appeared that a carpenter had contracted to furnish the material and do the woodwork on the defendant's brick buildings, then in course of construction, for a specified sum; but before the buildings were completed the houses were destroyed by fire without fault of either party. In an action by the carpenter to recover for material furnished and labor done by him, it was held that he was entitled to recover.

In Cleary v. Sohier, 120 Massachusetts, 210, it appeared that a person contracted to lath and plaster a building at a named price per square yard, and that he had done the greater part of the work when the building was destroyed by fire without fault of either party. In disposing of the case the court said : "The building having been destroyed by fire without fault of the plaintiff, so that he could not complete his contract, he may recover under account for work done and material furnished." (Lord v. Wheeler, 1 Gray, 282; Wells v. Calnan, 107 Massachusetts, 514,

517.) The contract in that case made no provision as to time when the work should be paid for, and it was no less entire in its nature than would it have been had the agreement been to furnish the material and do the work for a gross sum.

In the case before us the completion of the work agreed to be done had become impossible from the destruction of the house to be altered and repaired, and the work and material furnished were represented by the alterations and improvements so far as made, which had become the property of the defendant, and it would seem that the case is one in which the maxim *Res perit domino* may find just application. The cases which hold that a recovery can not be had in such cases are made to rest largely on the entirety of the contract, and the holding in the particular jurisdiction that apportionment can not be made.

The tendency of recent decisions has been to ameliorate that rule, and in this State it has long ceased to be recognized.

As was said in Carroll v. Welch, 26 Texas, 149, which arose on a contract to do the entire wood work on a building, "according to the modern decisions and the decisions of this court, the rule appears to be that if the employe abandons his contract the employer shall be charged with only the reasonable worth, or the amount of benefit he has received on the whole transaction, and in estimating the amount the contract price can not be exceeded. The former is allowed to recover for his part performance its reasonable worth, not to exceed the contract price, and the latter to recoup or recover his damages for the breach of contract by the former. When the employe is discharged without cause, or is prevented by the employer from completing the performance, he is entitled to recover for the part performed and the damages he has sustained by breach of contract by the employer. If both parties have broken the contract or there has been a mutual abandonment of it by both parties, the employe is entitled to recover the reasonable worth of the services he has rendered the employer."

If such be the rule even in case of violation of contract, the employe certainly can not be denied a recovery when by inevitable accident he has been prevented from performing the contract. The case of Gonzales College v. McHugh, 21 Texas, 257, which was a case of builder's contract, the rule in force in this State is further illustrated. Hillyard v. Crabtree, 11 Texas, 264, was a case arising on a builder's contract, entire in its nature, which the employe was prevented from completing by his sickness, and

the same rule was enforced. "If a contract which is entire, after part performance, is rescinded by the mutual consent and act of the parties as to the residue; or the further performance is prevented by law, or the act of God, without the fault of either party, the contractor may recover on a *quantum meruit* for what he has done. In such case neither party is in fault, and therefore is not responsible to the other for failing to fulfill the entire contract. In a recovery on a *quantum meruit* there is an apportionment of so much of the agreed compensation to the contractor as he has earned in what he has done; he recovers such part of the entire compensation as is equal to the part he has performed of the entire contract." (2 Sutherland on Damages, 507.) This was the rule of the civil law. (1 Domat, 533.)

The measure of damages given by the charge was in accordance with what we understand to be the recognized rule. (College v. McHugh, 21 Texas, 257; Hollis v. Chapman, 36 Texas, 3; 2 Sutherland on Damages, 504; Field on Damages, 332-338.)

The last assignment of error is "The court erred in refusing to give the several charges asked by the defendant, numbered respectively one, two, three and four, set out in the record."

The assignment points out no specific matter of error and can not be considered.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered March 18, 1887.