## C. H. McFARLAND v. O. T. LYON.

### No. 3.

1. **Several Undertaking — Subscription.** — A subscription paper containing an offer to induce the construction, etc., of a railway, provided that the subscribers were to pay the railway company the sum set opposite their names, each one to be liable only for the amount opposite his name. *Held*, the obligation was several, and each subscriber could be severally sued.

2. **Construction of Power.**—A committee appointed to act for subscribers offering money to induce the building of a designated line of railway, can not go beyond their instructions accompanying such appointment. Any contracts made by such committee in excess of their authority are of no effect as against a subscriber unless ratified by him.

3. **Entire Contract — Part Performance.** — The contract between the railway company and committee being entire, in a suit against a subscriber for his subscription, if it is shown that the railway company has failed to perform any material condition, a recovery can be had only to the extent of performance on its part, if it is shown that such part performance is beneficial to those within the contemplation of the contract; such recovery not to exceed the ratio that such part performance bears to the whole contract.

APPEAL from the County Court of Grayson. Tried below before Hon. E. P. GREGG.

*Woods & Woods* and *E. C. McLean*, for appellant.—1. The court erred in sustaining the plaintiff's exception to the sixth clause of defendant's answer, as the amended original petition alleged facts which showed that the contract on which plaintiff was charging the defendant as being liable was a joint and several contract, and therefore the other parties to said contract should have been made parties. Dicey on Parties, sec. 11; 1 Pars. on Con., secs. 13–20.

2. A special agent must strictly pursue his authority, and if it is not, the principal will not be bound. Railway v. Johnson, 2 Willson's C. C., 254, 255; Davis v. Leman, 1 W. & W. C. C., 291; Buzard v. Jolly, 6 S. W. Rep., 422; Berry v. Harnage, 39 Texas, 638; Mech. on Agency, sec. 306; Story on Agency, 62–67, 126; Sedg. on Const., sec. 360; Story on Con., 641, 642.

3. The court erred in sustaining plaintiff's exception to the fourth clause of defendant's answer as not constituting a defense to plaintiff's cause of action; said fourth clause so excepted to being defendant's verified special answer pleading failure of consideration, and the facts therein alleged showed a failure of consideration. Rev. Stats., art. 650; Van Norman v. Wheeler, 13 Texas, 316; Bechan v. Hunter. 37 Texas, 551; Carothers v. Thorp, 21 Texas, 358; Brady v. Price, 20 Texas, 285; Railway v. Fort Scott, 15 Kan., 330.

*W. W. Wilkins*, for appellee.—1. Plaintiff's petition shows on its face that the cause of action is several and not joint, so far as the individual parties on the subscription list are concerned. The original promise of the subscribers to the railroad company was distinctly several; the suit is instituted by the assignee of the original obligee on said promise, and the cause of action remained several in the hands of said assignee. Jones v. George, 56 Texas, 149; Ball v. Britton, 58 Texas, 57.

2. The subscription contract explicitly authorized the committee to make "a contract" for the purpose of carrying into effect the subscription, to arrange all details neccessary besides those specified in the subscription list, and to do whatever else that may be to the interests of the town in making such a contract, and this authority conferred was carried out by the committee in the different contracts, which are to be construed as one instrument.

3. A specifically authorized power, executed by the agent in strict accordance with its terms, will bind the principal, although the agent exceeded his power in other respects on which it is not sought to bind the principal. Darnell v. Lyon, 85 Texas, 455; Whart. on Agency, sec. 156; Ewell's Ev. on Agency, 238; Story on Agency, secs. 166–172; Sugd. on Pow., 2 ed., 68.

4. The contract of the committee with the railroad company and the contract of the committee with Britton & Lyon were necessary means of executing with effect the authority given the committee by the subscribers. Gouldy v. Metcalf, 75 Texas, 455.

5. The subscription list was assigned to Britton & Lyon before maturity, with the knowledge and consent of the subscribers, through their agents, the committee. The assignees performed their contract for which the assignment of the subscriptions was the consideration, and no failure of the railroad company at a time subsequent to the maturity of the subscriptions, to comply with its obligations and undertakings, could be set up as a defense in an action on the subscriptions.

RAINEY, Associate Justice.—The appellant, with others, signed a subscription paper, by which they agreed each to pay the St. Louis, Arkansas & Texas Railway Company the sum set opposite their names, each one to be liable only for the amount opposite his name, in consideration that the said company should construct, maintain, and operate a railroad from Mount Pleasant to Sherman, and establish and maintain in Sherman depots for freight and passengers. They appointed a committee of three to make a contract with said company for the purpose of carrying into effect the subscription; and authorizing and empowering said committee "to make a suitable contract with the said railway company, and to provide therein for the time and manner of collecting this subscription, and all other details that may be found necessary as to the location of depots,

and whatever else there may be to the interest of our town in making the same; and a majority of said committee is hereby authorized to act, their action to be as binding as if specified in this agreement; provided, that there shall not be collected of said subscription more than 15 per centum per month, after the construction shall have been actually ·begun.''

The committee made a contract with said company, obligating the subscribers to procure a part of the necessary right of way, to grade part of the road, and to procure depot grounds and terminal facilities within the corporate limits of Sherman, and depot grounds at intermediate stations; the company agreeing to complete said road by August 1, 1887, and to equip and operate the same. The contract recites a contract made between the committee and Britton & Lyon, by which Britton & Lyon were to carry out that part of the contract between the railroad and the committee which was to be performed by the citizens, and the railway company accepted Britton & Lyon to do the work agreed on. Britton & Lyon also entered into a contract with said company, agreeing to carry out the contract made with the committee, the company assigning to Britton & Lyon the subscription list without recourse, subject to the limitations contained in the contract between the committee and the railway company; Britton & Lyon to receive the benefits of all donations, and one-half the net profits arising from the location of towns between the west line of Hopkins County and Sherman. Britton & Lyon executed to the committee an obligation to carry out the contract made by Britton & Lyon with the railway company.

The above mentioned contracts, except the subscription list, were executed at the same time, referred to each other, and purported to be made in pursuance of the original subscription agreement.

The appellant having failed to pay his subscription, the appellee brought suit, alleging the fulfillment of the contract on their part, the refusal of the appellant to pay, and setting forth the contract theretofore made. Appellant answered by special demurrers, which were overruled, and pleaded limitation, failure of consideration, and that appellee and the railway company were partners.

Appellee excepted specially to appellant's answer, which was sustained by the court, and appellant refusing to amend, no proof was allowed to sustain the allegations of the answer, and a verdict and judgment were rendered for appellee for the full amount sued for.

There are three questions raised by demurrers that we deem necessary to notice, and which we think settle the issues presented:

1. Was the subscription paper signed by the citizens of Sherman, for the purpose of inducing the St. Louis, Arkansas & Texas Railway Company to construct the said road, a joint or several obligation ?

2. Did the committee have authority to contract with Britton & Lyon, and bind the citizens to procure the right of way and grade the road ?

3. Could the appellant in this suit plead a failure of consideration as against appellee for the failure of the St. Louis, Arkansas & Texas Railway Company to carry out its contract?

When the case of Darnell v. Lyon, which involved the construction of the contract herein, was pending before the Court of Civil Appeals of the Second Supreme Judicial District, that court certified to our Supreme Court for decision the same questions, in substance, that are here in issue. In passing upon the first question, they answered in the following language: "We are clearly of the opinion that the first question should be answered in the affirmative, although the words, ' we, the undersigned, hereby promise and agree,' if unqualified, would import a joint undertaking; yet the subsequent provision in the writing, that ' each subscriber, should ' be liable only for the amount opposite his name,' leaves no doubt that the intention was that the obligation was to be several." This is conclusive of this question, and coincides with our construction of the contract.

The Supreme Court seems to have met with some difficulty in reaching a conclusion as to a proper solution of the second proposition. It did, however, reach the conclusion, that the committee exceeded its authority in making the contracts with Britton & Lyon and with the railway company. The action of the committee being without authority, the said contracts are of no binding force and effect as against appellant, unless he has ratified the action of said committee, as alleged by the appellee. The question of a ratification not having been passed upon, necessitates a remanding of this cause for an adjudication of that issue.

If on another trial it should be established that appellant had ratified the action of the committee in making said contracts, then a solution of the third proposition becomes essential.

The allegations of appellant's answer as to the failure of consideration were sufficiently full to admit proof thereunder. The railway company, under the contract, was to equip, maintain, and operate the road, and to build engine houses and machine shops in the city of Sherman, and to make that point the end of a division. This constitutes an entire contract; and if it is shown that the railway company has failed to perform any material condition in the contract, a recovery can only be had to the extent of the performance on its part, if it is shown that such part performance is beneficial to those within the contemplation of the contract; such recovery not to exceed the ratio that such part performance bears to the whole contract. Hilliard v. Crabtree, 11 Texas, 264; Weiss v. Devlin, 67 Texas, 507; Batsell v. Railway, decided at this term, ante, p. 580.

It is contended that the payment by appellant of his subscription is a condition precedent to the performance of the contract by appellee. If that should be the proper construction, it would not avail the appellee, if

the allegations of appellant's answer be true, which are, that there has been no performance on appellee's part, and that appellee is insolvent. If the railway company has failed to comply with its contract, or is unable to do so, appellee can recover only to the extent of its performance, as above stated.

Appellee being a party to the contract, his claim is liable and subject to the same defenses as it would be in the hands of the railway company.

For the reasons above set forth, the cause is reversed and remanded.

*Reversed and remanded.*

Delivered October 13, 1893.

Motion for rehearing overruled December 6, 1893.