### ALBUS v. FORD. (No. 11829.)

Court of Civil Appeals of Texas. Fort Worth. June 18, 1927.

Rehearing Denied July 16, 1927.

**1. Contracts ⬚303(5)—One agreeing to furnish all labor in constructing house could not recover compensation, where fire destroyed house before completion.**

Under contract by which owner was to furnish material and contractor was to furnish all labor in construction of house to completion of same, contractor could not recover compensation for labor performed, where house was destroyed by fire before it was completed.

**2. Money received ⬚6(4)—Where contractor agreed to furnish all labor in constructing house and fire destroyed house before completion, owner could recover amount advanced contractor before fire.**

Where owner agreed to furnish all material and contractor agreed to furnish all labor in construction of house for certain sum to completion of same, and fire destroyed house before its completion and contractor refused to rebuild, owner could recover amount advanced him during progress of work before the fire.

Appeal from Knox County Court; N. S. Kilgore, Judge.

Suit by Dick Ford against Joe Albus, Sr., in which defendant filed a cross-action. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

James A. Stephens, of Big Springs, for appellant.

M. F. Billingsley, of Munday, for appellee.

DUNKLIN, J. Dick Ford and Joe Albus, Sr., entered into a contract by the terms of which Ford was to build a house for Albus and to furnish all the labor, and Albus agreed to furnish all the material necessary therefor, Albus agreeing to pay him for the work when completed the sum of $340. Later there was an implied contract between the parties to the effect that Ford was to do some extra work upon the house and Albus was to pay him the reasonable value thereof.

When the house was nearly finished it caught fire and was totally destroyed, all without fault on the part of either party.

During the progress of the work Albus paid Ford $200 on the work. After the fire, Albus offered to furnish to Ford all material necessary to rebuild the house upon the same terms as they had originally contracted. Ford refused to rebuild, for the reason that he did not consider that the loss by fire was properly chargeable to him, but that the same should be borne by Albus alone. Thereupon Albus furnished the material and hired other parties to construct the house for the same price which Ford had contracted originally to build it.

Ford instituted this suit against Albus to recover the balance claimed to be due him for the work performed. The amount claimed was the contract price of $340, less the value of the work necessary to finish the house, which the jury found to be $80, and less the sum of $200, which the defendant had already paid Ford. Plaintiff also sought to recover the value of the extra work done by him upon the house, which the jury found to be $85. By cross-action Albus sought to recover of Ford the $200 which he had advanced to him. From a judgment in favor of plaintiff for the relief prayed for, the defendant has prosecuted this appeal.

The rule seems to be well settled that when one contracts to do repairs on a building owned by another and during the progress of the work the entire building is destroyed by fire through no fault on the part of the contractor, he is entitled to recover the value of the labor and material furnished by him, since he is under no obligation to restore the building which he undertook to repair, and therefore it would be impossible for him to perform his contract after the destruction of the building. But if the contractor undertakes to furnish the labor and material to construct a house in its entirety and deliver it to the owner in a completed form, he is not entitled to recover if the house during the progress of the work is destroyed by fire, through no fault of either party. The reason upon which that rule is founded is that notwithstanding the fire, it is still within the power of the contractor to perform his contract, and he is not excused from failure to perform by reason of the fire. Lonergan v. San Antonio Loan Co., 101 Tex. 63, 104 S. W. 1061, 106 S. W. 876, 22 L. R. A. (N. S.) 364, 130 Am. St. Rep. 803; Weis v. Devlin, 67 Tex. 510, 3 S. W. 726, 60 Am. Rep. 38; Bartlett v. Bisbey, 27 Tex. Civ. App. 405, 66 S. W. 70, by the Court of Appeals of the First District, writ of error refused; Burke v. Purifoy, 21 Tex. Civ. App. 202, 50 S. W. 1091.

[1] Although plaintiff did not agree to furnish the material, he did agree to perform all the labor necessary to complete the work; and as the defendant agreed to furnish other material to build the house in place of that which had been destroyed by fire, the rule noted above denying him any relief because

he had not complied with his contract is applicable.

[2] The facts recited above were all proven without controversy, and for the reasons noted the judgment of the trial court is reversed and judgment is here rendered denying plaintiff, Ford, any relief. Judgment is further here rendered in favor of appellant, Albus, against appellee, Ford, on appellant's cross-action for the recovery of the sum of $200 advanced to Ford by Albus, with interest thereon at the rate of 6 per cent. per annum from August 3, 1926, the date of the judgment in the trial court. All costs of the trial court and of this court are adjudged against the appellee, Ford.