DICK FORD v. HON. T. H. CONNER, CHIEF JUSTICE ET AL.

No. 4937.   Decided February 1, 1928.
(1 S. W., 2d Series, 1088).

*M. F. Billingsley,* for relator.

*James A. Stephens,* for respondent.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

June 18, 1927, in cause No. 11829 (styled "Joe Albus, Sr., Appellant, v. Dick Ford, Appellee"), the Court of Civil Appeals, Second District, reversed a judgment (for Ford) rendered by the County Court of Knox County and rendered judgment for Albus.   296 S. W., 891.

Upon the facts there disclosed the Court of Civil Appeals found that Ford and Albus entered into contracts thus described:

"Ford was to build a house for Albus and to furnish all the labor * * * Albus * * * to furnish all the material necessary therefor, Albus agreeing to pay him for the work when completed the sum of $340.   Later there was an implied contract between the parties, to the effect that Ford was to do some extra work upon the house and Albus was to pay him the reasonable value thereof * * *."

Ford "did not agree to furnish the material—he did agree to perform all the labor necessary to complete the work."

It found also (a) when "nearly finished" the "house \* \* \* caught fire and was totally destroyed, all without fault on the part of either party;" (b) "during the progress of the work Albus" had "paid Ford $200 on the work;" (c) the value of the "work necessary to finish the house" (at time of its destruction) was $80.00; (d) value of the "extra work" done by Ford on the house was $85.00; (e) subsequently "Albus offered to furnish to Ford all material necessary to rebuild the house upon the same terms as they had originally contracted," but "Ford refused to rebuild for the reason that he did not consider that the loss by fire was properly chargeable to him but that the same should be borne by Albus alone;" (f) subsequently "Albus furnished the material and hired other parties to construct the house for the same price which Ford had contracted originally to build it."

Judgment of the County Court allowed Ford recovery for the original agreed price of $340, less the $200 paid and less the $80.00 found as value of the "work necessary to finish the house" and plus the $85.00 value of "extra work."

Action of the Court of Civil Appeals (upon supposed authority of Lonergan v. San Antonio Trust Co., 101 Texas, 63, 104 S. W., 1061, 22 L. R. A. (N. S.), 364, 130 Am. St., 803; Weis v. Devlin, 67 Texas, 510, 3 S. W., 726, 60 Am. Rep., 38; Bartlett v. Bisbey, 27 Texas Civ. App., 405, 66 S. W., 70, and Burke v. Purifoy, 21 Texas Civ. App., 202, 50 S. W., 1091) was predicated upon a ruling that as Ford had "agreed to perform all the labor necessary to complete the work and as Albus had offered to furnish other material to build the house in place of that which had been destroyed by fire" non-performance of the contract is chargeable to Ford in a manner preclusive of his right to compensation because Albus' offer made it possible for him to complete the entire work originally contemplated.

June 25, 1927, motion for rehearing was filed by Ford. Therein he asserted conflict between the ruling of the Court of Civil Appeals, on the one hand, and those in Hollis v. Chapman, 36 Texas, 1; Weis v. Devlin, 67 Texas, 510, 3 S. W., 726, 60 Am. Rep., 38; Hillyard v. Crabtree, 11 Texas, 263, 62 Am. Dec., 475; Gonzales College v. McHugh, 21 Texas, 257, and Carroll v. Welch, 26 Texas, 147, on the other. Upon the authority of those cases he prayed vacation of the prior judgment and affirmance of that of the County Court; alternately, he prayed certification (account of conflict) to the Supreme Court. The motion was overruled July 16, 1927.

July 28, 1927, Ford filed a (second) motion to certify on account of the conflict mentioned; that motion was overruled September 24, 1927.

September 27, 1927, Ford undertook to file a motion "to announce and file * * * conclusions" upon named questions (substantially those advanced in the motions to certify); filing and consideration of this was declined by the court because, in its view, it had lost jurisdiction.

The matters stated are exhibited in Ford's petition in the Supreme Court in which it is prayed: (a) That filing and consideration of the motion for additional conclusions be required; (b) that certification of the questions mentioned be required.

A question of jurisdiction projects itself. · The term of the Court of Civil Appeals, at which the proceedings mentioned were had, expired by operation of law at midnight on Sunday immediately preceding "the first Monday in October (i. e., October 3), 1927." (Acts of 40th Leg., 1927, p. 120, Chap. 79.)   The petition in mandamus, with motion for leave to file, was received on or about October 26, 1927.   Leave to file was granted and the petition filed November 2, 1927.   Unless the motion offered for filing and consideration by Ford on September 27, 1927, may have the effect of precluding finality for the prior judgment and orders of the Court of Civil Appeals, the petition in mandamus represents an attempt to compel that court to exercise jurisdiction in a case wherein by expiration of the term and otherwise its power has ceased.

The requirements of Arts. 1873 and 1875, R. S., 1925, in respect to findings and conclusions (the subject matter of the motion of September 27, 1927), by their terms are operative in cases in which the "Supreme Court has jurisdiction of an application for writ of error" and not in a case whereof final jurisdiction is in the Court of Civil Appeals—as is the present case.   It may be that the court would have power to entertain the motion nevertheless; if so, the authority, plainly, is discretionary, and the motion cannot be regarded as pending when the term expired for the reason that the court had not allowed and never allowed its filing.

For aught that is shown the Court of Civil Appeals had lost jurisdiction in the case long before authority of the Supreme Court was invoked, and in consequence, granting of the relief now prayed would require respondents (judges) to cause the court of which they are constitutents to violate the laws granting and controlling its powers.   (See La Prelle v. Key, 114 Texas, 1, 261 S. W., 366).

Accomplishment of such a result is not amongst the legitimate objects of mandamus. Westerman v. Mims, 111 Texas, 29, 227 S. W., 178; Lampasas County Common School District No. 16 v. Keeling, 113 Texas, 523, 261 S. W., 364; Missouri v. Murphy, 170 U. S., 78, 18 Sup. Ct., 505, 42 L. Ed., 955.

Accordingly, we recommend that the relief prayed be denied.

The opinion of the Commission of Appeals is adopted, and mandamus refused.

*C. M. Cureton,* Chief Justice.