*36 OPINION.
GoodRioh :
There is no question but that the amounts received from the sale of oil and gas constituted income within the meaning of the revenue acts and, ordinarily, are taxable. The issue here is, Whose income was it? Respondent contends the income belonged to-petitioners’ decedent, because decedent transferred only a right to receive income; petitioners contend that it belonged to the trust, because the trust was the owner of the property from which the income arose.
It is well settled that an assignment of income does not relieve the assignor of the tax thereon, but that if property, or property rights, are transferred the income subsequently arising therefrom is taxable, not to the transferor — for neither the propertv nor the income be *37 longs to him — but to the new owner. This principle is so familiar that citation or discussion of the many decisions of this Board and of the courts in which it is reiterated is unnecessary. It applies equally to real or personal property; consequently, it is here immaterial whether, under the taxing statutes, we regard the oil and gas interests owned by decedent as interests in real property or in personal property. It is only necessary to determine whether Mrs. Cook assigned income, or the property from which income arose. If the former, the income is taxable to her; if the latter, the income was not hers and she is liable to no tax thereon.
At the outset Mrs. Cook owned certain lands in fee. She first sold various undivided fractional interests in the oil and gas underlying certain parts of her property and thereafter, under the leases, disposed of a seven-eighths interest in the oil and gas underlying the entire property, retaining to herself the remaining undivided fractional interest, which varied in amount as to different parts of the property, according to her previous conveyances. It need not be argued that the several property interests embraced by a fee title may be severed and separately may be conveyed or dealt with otherwise. Under the Texas law this is so, particularly of mineral rights, including oil and gas. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Texas 160; Texas Co. v. Daugherty, 107 Texas, 226; Waggoner Estate v. Wichita County, 273 U. S. 113. The severance may be accomplished by a conveyance of oil and gas in place, Hager v. Stakes, 294 S. W. 836, which vests title to the minerals themselves; Ferguson v. Commissioner, 45 Fed. (2d) 573. And, in Texas, oil and gas leases convey to the lessee an interest in the real estate, which is likewise the nature of the interest of the lessor respecting any undivided fractional share of the minerals retained by him under the lease. Japhet v. McRae, 276 S. W. 669; Thiesen v. Robinson, 117 Texas, 289; Group #1 Oil & Gas Corp. v. Bass, 282 U. S. 877, and other cases cited above.
Therefore, at the time she created this trust Mrs. Cook had, with respect to the oil and gas underlying her lands, an undivided fractional interest, recognized as an interest in real property, and she was to be paid ratably from the sale of oil and gas as produced. Now, what did she transfer to the trust? The terms of the instrument are perfectly clear — “ all my present right, title and interest, both legal and equitable, now owned or possessed by me in and to all oil, gas, and other minerals of every nature and description.” In other words, she transferred her entire present interest in all minerals in or under her property. Under the local laws, her interest was recognized as an interest in real property and the instrument *38 was in a form proper for the conveyance, of real property interests. The conveyance created either a determinable fee, an estate well recognized in the substantive law of real property and in Texas (see Thompson on Real Property, vol. 3, secs. 2105 et seq.; Tiffany on Real Property, vol. 1, sec. 93; Waggoner Estate v. Sigler Oil Co., 284 S. W. 921; Texas Co. v. Davis, 113 Texas, 321), or an estate for years, an estate likewise well recognized. We need not decide which, because, as we have stated, it is immaterial whether the interest was in real or personal property, our inquiry is whether that interest was transferred. Here it is apparent that there was a complete transfer of decedent’s present interest in the property. She kept a reversionary interest, but that gave rise to no income. The income here involved arose from the property conveyed and belonged, not to Mrs. Cook, but to the trust. On this issue we hold for petitioner.
As to the second issue, we affirm respondent. In our opinion, the expenditures for attorneys’ fees are not deductible under section 214 (a) (1) of the Revenue Act of 1926 as “ ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business,” nor are they expenditures for the acquisition of additional rights to property to be capitalized and subsequently recouped. Neither the suit, nor the fees paid attorneys for participation therein, served to enlarge, change or acquire for Mrs. Cook any interest in the property; she merely defended what she had. That situation is distinguishable from the decisions relied upon by petitioner—Bliss v. Commissioner, 57 Fed. (2d) 984, where the suit was instituted by the landowner to make realizable income under leases effective only when title was cleared, and F. M. Bugher et al., Executors, 9 B. T. A. 1155, where the taxpayers were engaged in business, in conection with which the expenditures were made for the purpose of enlarging their rights to income or in property. The expenditures in the case at bar fall within that class of personal expenses for the deduction of which the statute makes no provision. Marshall Field, 15 B. T. A. 718; reversed, 42 Fed. (2d) 820; Grace McBride Crile, 26 B. T. A. 1020.

Judgment will be entered wider Bule 60.