C. W. BATSELL v. THE ST. LOUIS, ARKANSAS & TEXAS
RAILWAY COMPANY.

No. 4.

**Subscription — Several Obligation — Parties to Action — Principal and Agent — Entire Contract.**—By the terms of a subscription contract between individuals and a railway company, each subscriber became liable for only the amount opposite his name, conditioned that the railway company would construct, equip, and maintain a railway from Mount Pleasant to Sherman, and a committee was designated to make, and made, in conformity with said conditions, a contract with the railway company. Batsell, one of the subscribers, sued the railway company for the amount of subscription paid by him, pleading a substantial breach of the contract by the railway company. *Held:*

1. Since each subscriber is bound for only the amount by him subscribed, the obligation of the subscription agreement is not joint, but several, and the other subscribers are not interested in a recovery by Batsell, and are not necessary parties.

2. The committee were the agents of the parties, who have the right severally to sue for a breach of the contract entered into in their behalf by such committee.

3. The contract of the railway company being entire, it was its duty to perform it as agreed upon. Batsell, by showing a substantial breach, would have the right to recover what he paid.

4. In cases of subscription upon conditions, where there has been a failure on the part of the company to comply with one or more of the conditions, and it can be shown by the contract, or aliunde. what amount was paid as a consideration for the condition or conditions broken, such amount and interest is the proper measure of damages; but if a substantial breach be shown, the burden is on the defendant to show an excuse for its failure, or that it is entitled to compensation for part performance.

APPEAL from Grayson.   Tried below before Hon. P. B. MUSE.

*Brown & Bliss*, for appellant.— 1.   The court erred in sustaining the exceptions of appellee to appellant's petition, and in dismissing this suit, because it appears from appellant's petition, and the exhibits thereto attached and made a part thereof, that the cause of action for the breach of contract sued on herein is several, in the subscribers signing the original subscription contract, and not joint.   The court erred in dismissing this suit, because appellant's petition and exhibits thereto attached show a cause of action against the appellee, and that the other persons subscribing to original subscription contract are not necessary parties to this suit. 1 Pars. on Con., 19; Bell v. Chaplin, Hardres, 321;. Cooley v. Scarlett, 38 Ill., 316; Brand v. Boulcott, 3 B. & P., 235.

2.   Because appellant's original petition and the exhibits attached show that the committee, Tom Randolph, T. J. Brown, and W. C. Eubank, in making the contract with the appellee for the breach of which this suit was brought, acted for and in behalf of the appellant and the other subscribing citizens of Sherman, individually and severally, as well as collectively, and were merely the agents of appellant in making the same.   A principal has the right to sue for the breach of contract entered into on his behalf by his agent.   Ring v. Norton, 4 Cal., 355; Story on Agency, sec. 418; Mech. on Agency, sec. 769.

3.   Because appellant's said petition and said exhibits thereto attached show that the appellee, in violation of its contract with appellant, had so defectively constructed its road, and had so failed to maintain it in good condition, as to render the same valueless to appellant, and thus the consideration for which appellant had paid the money to recover which this suit was brought has wholly failed.   Railway v. Dawson, 62 Texas, 262; Gregg v. Fitzhugh, 36 Texas, 127; Ins. Co. v. Burger, 10 Humph., 56; Mercer v. Clark, 3 Bibb, 224.

4.   The contract between the St. Louis, Arkansas & Texas Railway Company in Texas and appellant, represented by his agents, being an

entire contract, and the same having been broken by the said railway company, appellant is entitled to recover the entire consideration paid by him, notwithstanding the part performance by the said railway company, unless the said railway company shows that appellant has been benefited by such part performance, and the amount of such benefit. Hilliard v. Crabtree, 11 Texas, 264; Gonzales College v. McHugh, 21 Texas, 256; Railway v. Fitch, 2 Texas Law Rev., 122; Carroll v. Welch, 26 Texas, 149; Gregg v. Fitzhugh, 36 Texas, 128; Railway v. Marshall, 42 Am. and Eng. Ry. Cases, 644; Railway v. Dawson, 62 Texas, 262; Railway v. City of Fort Scott, 15 Kans., 330; Brown v. Dibble, 30 Am. and Eng. Ry. Cases, 241.

*H. O. Head* and *Perkins, Gilbert & Perkins*, for appellee.—1. All parties to whom a promise is made by contract in writing must join in an action for a breach of such promise or covenant. Statchely v. Pierce, 28 Texas, 334; Calvert v. Bradley, 16 How., 590; Farni v. Tesson, 1 Black, 590; 1 Suth. on Dam., 203, 204; 1 Pars. on Con., 6 ed., 14, and notes; Sharp v. Conkling, 16 Vt., 354; 1 Chit. Plead., 11; Dicey on Part. to Act., 135.

2. Only such parties can bring action for the breach of a covenant as are parties thereto, and in whom is vested a legal interest. The interest of parties to a contract or covenant is joint where a breach of it to one is necessarily a breach of it to all. Allen v. Pannell, 1 Texas, 168; Thompson v. Cartwright, 1 Texas, 87; De Cordova v. Atchison, 13 Texas, 371; 1 Chit. Plead., 2; 1 Suth. on Dam., 203; Potter v. Yale College, 8 Conn., 52; Dicey on Part. to Act., 117, 118; Jones v. George, 61 Texas, 364; Donald v. Snelling, 96 Mass., 294.

3. Where money is advanced in consideration of a promise to perform an executory contract, and there is a breach of such promise after a part performance, the party advancing the money has action for damages only; and the measure of damages in such action would be the actual pecuniary injury, taking into consideration all the circumstances of the particular case. Hilliard v. Crabtree, 11 Texas, 365; Gonzales College v. McHugh, 21 Texas, 256; Carroll v. Welch, 26 Texas. 147; Story on Con., sec. 16.

4. Where covenants are independent, although relating to the same subject and made by the same parties and included in the same instrument, each party must perform what he undertakes, without reference to the discharge of his obligation by the other party. For the breach of an independent covenant, the covenantee may have his action for any damages he may have sustained for not having received the whole consideration for the contract. The measure of damages for the breach of an independent covenant is that which is incident to and caused by the breach of the same. Where mutual covenants go only to a part of the consideration of a contract, and where a breach may be paid for in damages,

they are independent covenants.    Hilliard v. Crabtree, 11 Texas, 263;
Hopkins v. Upsher, 20 Texas, 91;  Williams v. Rogan, 59 Texas, 438; 2
Pars. on Con., 6 ed., 52, 59 (note), 528; 1 Pars. on Con., 452; Goldsbor-
ough v. Orr, 8 Wheat., 218;  Boone v. Eyre, 1 H. Bl., 273.

RAINEY, ASSOCIATE JUSTICE.—Appellant brought this suit against ap-
pellee, to recover $1900, paid to appellee on an executory contract, the
conditions of which, it is alleged, the appellee failed to perform.

The appellant, among others, became a party to a subscription contract,
by which each became liable for the payment of the amount only oppo-
site his name, conditioned that the appellee would construct, equip, and
maintain a railroad from Mount Pleasant to Sherman.   By the terms of
said instrument, a committee was designated and empowered to make a
contract, in conformity with the terms of said subscription obligation,
with said railroad company.   A contract was made by which the rail-
road company bound itself to establish, equip, and operate said road, build
engine houses and machine shops in the city of Sherman, and to make
Sherman the end of a division of said road.

Appellant alleges, that he paid the amount of his subscription, and that
the appellee has failed to perform its part of the contract.   Various de-
murrers were filed to the petition, which the court sustained, and dis-
missed appellant's cause of action; from which ruling of the court an
appeal was taken to this court.

There are various errors assigned by the appellant in the ruling of the
court in sustaining the exceptions of the appellee to the petition of ap-
pellant and dismissing this cause.  They may be grouped and disposed of
under three propositions, as follows:

1.  Can appellant in this case sue without making his cosubscribers par-
ties plaintiff?

Appellee contends that the contract under consideration in this case is
joint, and that all the covenantees are necessary parties.

There is confusion among the decisions on this point, and it is fre-
quently difficult to determine whether a contract is joint or several.   This
must be ascertained from the facts and circumstances that pertain to the
particular case.   Mr. Parsons, in his work on Contracts, volume 1, page
15, says:  " The circumstances of each case, and the situation and relation
of the parties and the nature of the consideration, are all to be looked
into to ascertain who is really interested, and who has sustained damage
arising from a breach of the contract, and whether such damage was joint
or several."

Again, on page 19, he says:  " The nature, and especially the entire-
ness of the consideration, is of great importance in determining whether
the promise be joint or several; for if it moves from many persons jointly,

the promise of repayment is joint; but if from many persons, but from each severally, then it is several."

In the case of Darnell v. Lyon, 85 Texas, 455, involving the consideration of the same contracts that are now under consideration, the Court of Civil Appeals for the Second District certified to the Supreme Court of Texas the following questions, among others, for answer:

"Whether the subscription agreement is a separate contract, so as to admit of a separate suit thereon against each subscriber for the amount of his subscription." The reply was: "We are clearly of the opinion that this question should be answered in the affirmative, although the words, 'We, the undersigned, hereby promise and agree,' if unqualified, would import a joint undertaking; yet the subsequent provisions in the writing, that 'each subscriber' should 'be liable only for the amount opposite his name,' leaves no doubt that the intention was that the obligation was to be several." This we think decisive of this question.

If one can be sued for the amount of his subscription, he certainly ought to have the right to interpose as a defense the noncompliance of the other contracting parties. If this is the law, there is no good reason why he can not sue alone and recover what he has paid, if there has been a breach of the contract by the other party. If it were the intention of the subscribers to be severally bound, which intention, we think, is expressed in the contract, it makes it several, and the other parties to the subscription paper are not interested in a recovery by the appellant. It is a matter that alone affects the railway company and him. Besides, it would doubtless be a difficult thing to determine and adjudicate the rights of all the parties growing out of this transaction in one suit.

2. It is further contended, that by the terms of the contract, the committee alone can only sue. We do not think this a correct proposition. That the committee were the agents of the parties, was clearly decided in the case of Darnell v. Lyon, supra. That a party has a right to sue for the breach of a contract entered into on his behalf by an agent, is well settled.

3. The remaining point to be settled is, as to the extent of appellant's right of recovery, and whether or not his pleadings are sufficient on this point. The contracts in this case constitute, we think, what is known as an "entire" contract. The common law rule in such a case is, "a party to an entire contract who has partially performed it, and subsequently abandons the further performance according to its stipulations voluntarily, and without fault on the part of the other, or his consent thereto, can recover nothing for such part performed." This doctrine has been modified in this State to the extent, that though a contract is entire in its character, if a party abandons his contract after part performance, he is only entitled to compensation for the benefit bestowed on the opposite party, or on others, if within the contemplation of the

contract others are included.    Hilliard v. Crabtree, 11 Texas, 264; Carroll v. Welch, 26 Texas, 147; Weiss v. Devlin, 67 Texas, 507; McFarland v. Lyon, decided this term, p. 586.

The pleadings of plaintiff clearly allege a substantial breach of the contract by appellee.   The contract being entire, it was the duty of appellee to perform it as agreed upon.   If it failed to do this in any substantial particular, the plaintiff has the right to recover what he has paid, by showing a breach of the contract.   If he does this, then the burden is on the defendant to show an excuse for its failure, or that it is entitled to compensation for part performance.    1 Whart. Law of Ev., 3 ed., sec. 392.

In the case of the Missouri, Kansas & Texas Railway Company v. City of Fort Scott, 15 Kansas, 330, in which this question was involved, Justice Brewer, in the opinion, says:   " Wherever, therefore, in case of a subscription upon conditions by a city to the capital stock of a railway company, there has been a failure on the part of the company to comply with one or more of the conditions, and it can be shown by the contract, or aliunde, what amount was paid as a consideration for the condition or conditions broken, such amount and interest is the proper measure of damages."   He further says:   " Cases may arise in which the contract is an entirety, and there is in it no means of apportioning the amount, and nothing can be shown aliunde to establish an apportionment, nor to show the relative or absolute values of the conditions performed and those broken.    In such cases we take the rule of law to be, that no action can be maintained to recover the consideration, nor upon a quantum meruit, until all the conditions are performed; and in case the consideration be paid in advance, and only part of the conditions are performed, the entire consideration can be recovered."

The case there under discussion is very similar to the one at bar.    In fact, the contract made by the railway company in that case does not differ in any essential particulars from that made in this case, and the principles therein announced as to the measure of damages we think is a clear and correct enunciation of the rule of law in such cases.

On account of the errors in the rulings of the court, as indicated in the foregoing, the judgment of the lower court should be reversed and remanded, and it is so ordered.

*Reversed and remanded.*

Delivered October 13, 1893.

Motion for rehearing overruled November 8, 1893.