**DOSSETT v. MISSOURI STATE LIFE INS. CO.  (No. 551—4290.)**

(Commission of Appeals of Texas, Section B. Dec. 2, 1925.)

Courts ⬅90(1)—Opinion of Commission of Appeals of same section, reversing Court of Civil Appeals, followed as respects a second case, based on substantially same pleadings and testimony.

Where Court of Civil Appeals reversed trial court in two cases on insurance policies, based on substantially same pleadings and testimony, and rendered identical rulings on questions of law, opinion of Commission of Appeals of same section, reversing the Court of Civil Appeals in one case, will be followed in second case, where opinion disposes of every question raised of record in second case.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Action by Mrs. Jennie D. B. Dossett against the Missouri State Life Insurance Company, consolidated with a suit by defendant against said plaintiff. From a judgment of the Court of Civil Appeals (265 S. W. 254), setting aside the judgment of the trial court, and rendering judgment for the Insurance Company, plaintiff, Dossett, brings error. Reversed, and judgment of the district court affirmed.

J. D. Williamson, of St. Louis, Mo., and Sleeper, Boynton & Kendall, of Waco, for plaintiff in error.

Williams, Williams, McClellan & Lincoln, of Waco, for defendant in error.

SHORT, J. This is a companion suit to that of Mrs. Jennie D. B. Dossett v. Franklin Life Insurance Co., 276 S. W. 1097, brought here by writ of error under similar circumstances as the last-named suit was, and the judgment in which recommended by this section of the Commission has been approved by the Supreme Court and not yet officially reported.

The defendant in error on February 26, 1921, issued its two policies of life insurance on the life of A. J. Dossett; one being for $10,000, and the other for $15,000, payable to plaintiff in error as beneficiary. A. J. Dossett having died on December 31, 1921, the defendant in error filed suit against the beneficiary to cancel the policies and tendered the amount of the premiums paid, together with 6 per cent. interest thereon from the time of

payment, claiming that the policies were void on account of certain false and fraudulent statements alleged to have been made by A. J. Dossett in his applications made for the issuance of the policies. On June 13, 1922, the plaintiff in error filed suit in the same court against the defendant in error to recover the face value of the policies, together with penalty, interest, and attorney's fees. These suits having been consolidated, they were tried to a jury, which resulted in a judgment being rendered in favor of the plaintiff in error for the full face of said policies, together with 12 per cent. penalty, 6 per cent. interest, and $4,000 attorney's fees. The defendant in error having duly prosecuted its appeal to the Court of Civil Appeals of the Tenth District, that court, upon consideration of the case, concluded that, as a matter of law, the admitted facts to the effect that the answers to all of the questions hereinafter mentioned were not true, and being material, the judgment of the district court should be reversed, and thereupon it reversed the judgment of the trial court and rendered judgment in favor of defendant in error canceling both policies.

The defendant in error contended that the policies were void and unenforceable because of certain false and fraudulent answers made and information concealed by A. J. Dossett, which were contained in his applications with reference to the following questions:

"No. 16. I have never been declined nor postponed for insurance nor offered a policy different than that for which I made application, except ———."

The answer to the above was left blank, and was filled in by the home office of the insurance company to read, "None." Mr. Dossett was notified before the policy was delivered that the answer to said question had been so filled in, and he accepted his policy, which contained the application with said answer:

"No. 2 (b). Has any life insurance organization ever declined or failed to issue a policy on your life, or offered one different then applied for?" Answer: "Bankers' Life, 1910."

"No. 5. Detail all illnesses, diseases, operations, accidents, or injuries you have had since childhood (giving clinical history below)." Answer: "None."

"No. 6 (d). Has any physician ever expressed an opinion that your urine contained sugar or albumen, or casts? (Give full details)." To which he answered, "No."

"No. 8. Are you now in good health? If not, what is the cause?" To which he answered, "Yes."

The further statement of the case made by the Court of Civil Appeals is substantially the same as that made in the Franklin Life Insurance Co. v. Dossett, reported on pages 259–263, 265 S. W., while the report of the opinion of the Court of Civil Appeals in this case is in the same volume on pages 254–259. An examination of the two opinions rendered by the Court of Civil Appeals in these cases discloses them to be substantially the same so far as the questions of law with which this court is only concerned are identical, since the pleadings and the testimony are substantially the same in so far as they relate to these questions. The opinion rendered in the Franklin Life Insurance case by this section of the Commission disposes of every question raised by the record in this case by the several assignments of error presented by the plaintiff in error, and we see no reason to discuss these assignments in detail or to incumber the record of this case with any further discussion for the reason that we believe that the questions raised in this case have been properly decided by the opinion rendered in the Franklin Life Insurance Case.

Such being our opinion, we recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

PIERSON, J., not sitting.