## FUTRELL v. MARTIN.

### No. 3978.

Court of Civil Appeals of Texas. Texarkana.
May 20, 1931.

Rehearing Denied June 4, 1931.

C. E. Florence, of Gilmer, for appellant.

W. R. Stephens, of Gilmer, and Wm. Hodges, of Texarkana, for appellee.

SELLERS, J.

This suit was instituted in the district court of Upshur county, and was based on certain vendor's lien notes executed by W. E. Crosby in favor of Whitaker Hill, which notes were transferred by Whitaker Hill by indorsement on the back thereof to Mrs. F. D. Futrell, the appellant herein, and were by appellant transferred by indorsement on the back thereof to the appellee herein.

Said notes were dated December 4, 1922, and were due December 4, 1923, to December 4, 1928, inclusive. All of said notes were long past due at the time of the institution and filing of suit herein on April 24, 1929.

Upon the trial, appellant urged that she was discharged from any and all liability upon said notes by reason of the provisions of the Negotiable Instruments Act, in that she was not notified of the nonpayment of said notes by the principal maker thereof in the manner required by law.

Appellee answered alleging, in substance, that appellant had waived her right as indorser to be notified of the nonpayment of said notes, and had waived her right as an indorser to have said notes presented to the principal maker thereof for payment.

The evidence upon the issue of waiver was conflicting, and the court submitted to the jury two issues, which were as follows:

"(1) Did F. L. Futrell, acting for Mrs. F. D. Futrell, by acts, words and conduct, if any, at anytime after plaintiff acquired the notes introduced in evidence, waive presentment for payment of the notes by plaintiff to the maker, W. E. Crosby, upon the days said notes matured respectively?" Answer of the Jury: "Yes."

"(2) Did F. L. Futrell, acting for Mrs. F. D. Futrell, by acts, words and conduct, if any, at anytime after plaintiff acquired the notes introduced in evidence, waive being notified of the non-payment of the notes not later than the day following the payment thereof?" Answer of the Jury: "Yes."

The court instructed the jury in connection with the above issues as follows: "To aid you in answering the questions submitted, you are instructed that the word 'waive' means to relinquish a known right."

. The court entered judgment upon the issues as submitted to the jury and their answers thereto in favor of the appellee, to which judgment the appellant excepted, and has duly prosecuted her appeal to this court for review.

Without discussing all of appellant's assignments of error, we have reached the conclusion that the judgment of the trial court should be affirmed, but for the definition given by the court in defining a waiver. "Waiver" seems to be universally defined as "intentional relinquishment of a known right." The court in this case omitted the word "intentional" in his definition as contained in the charge. Neither did the issues as submitted require the jury to pass upon the intention of the appellant. The question for determination is whether the issues as submitted in the light of the definition contained in the charge was error. This court has held in an opinion by Associate Justice Hodges that the intention to waive a right must be proved the same as any other fact, Adams v. A. A. Patton & Co., 173 S. W. 546, 547, from which opinion we quote: "A waiver has been defined to be the intentional relinquishment of a known right, based upon a consideration. M., K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745; 29 Eng. & Amer. Ency. of Law, 1091. That definition, of course, refers to contracts and agreements relinquishing rights. In such instances the intention to waive the right must be proved like any other fact."

Since the intention to waive is a necessary fact to be proved, a judgment in favor of appellee, based upon a waiver by the appellant of a known right which did not require the jury to take into consideration the intention of appellant in passing upon the question of the waiver, will not be permitted to stand.

The judgment of the trial court is reversed, and the cause remanded.