## METZLER BROS., Inc., v. JOHNSON.
### No. 1116.

Court of Civil Appeals of Texas. Waco.
Dec. 31, 1931.

Rehearing Denied Jan. 21, 1932.

Coke & Coke and Zellner Eldridge, all of Dallas, for appellant.

John Davis, of Dallas, for appellee.

BARCUS, J.

In 1927, appellant Metzler Brothers desired to increase its capital stock from eighty to one hundred twenty-five thousand dollars. Appellee agreed to purchase from Dave A. Moses, president of said corporation, twenty-five shares of said increased stock for $2,500, and delivered his check for said amount to Mr. Moses, as president of said corporation, to be cashed and the money delivered to the corporation for said stock upon the condition that said check was not to be cashed, neither was the money to be delivered to appellant, until and unless the entire $45,000 proposed capital stock had been all subscribed and paid for in cash. Appellee's check was dated September 21, 1927, and, before all of said stock was subscribed and paid for in cash, Mr. Moses, in violation of the specific agreement and condition upon which same was left with him, cashed said check on October 19th and delivered the money to appellant. On January 6, 1928, the amended charter was obtained, and on January 27, 1928, appellant issued to appellee its certificate for twenty-five shares of stock. In April, 1929, appellee learned for the first time that at least $7,000 of the capital stock has not been paid for in cash, and he immediately called Mr. Moses' attention to the fact that his check was not to have been cashed until all of the stock was paid for, and Mr. Moses at that time stated he would collect the unpaid subscriptions. On September 14, 1929, appellee wrote Mr. Moses to ascertain whether all of the stock had been paid for in cash, but received no reply. On September 30, at the regular stockholders' meeting, appellee testified that he learned that about $19,000 of the increased capital stock had not been paid for. He was elected a director of the corporation at said time. The day following said stockholders' meeting, he wrote Mr. Moses, as president of appellant, demanding a return to him of the $2,500 he had left with Mr. Moses which was used to pay for his stock. This being refused, he promptly instituted this suit to recover said $2,500 on the theory that the condition on

which he agreed to and did purchase the stock was never complied with, and that appellant had converted said money to its own use and benefit. Appellee tendered into court the certificate of stock.

Appellant answered by general demurrer and a general denial, and specially pleaded that appellee had waived any and all condition attached to his subscription for stock, and that by having knowledge of the fact that all of the stock had not been paid for in cash, and having attended a stockholders' meeting and suffered himself to be elected a director, he was thereby estopped from claiming that he was not a stockholder, and from recovering any portion of the money paid by him.

In answer to special issues, the jury found that Mr. Moses, as a representative for Metzler Brothers, made a contract with appellee Johnson, whereby Johnson purchased the $2,500 worth of stock and delivered his check to Mr. Moses with the understanding and agreement that the check would not be deposited or the money collected thereon by Metzler Brothers until the entire $45,000 increased capital stock had been subscribed and paid for in cash. It further found that appellee did not intend to waive his claim against appellant for the return of the $2,500 by anything he said or did. It further found that appellee did not know at the time he purchased the stock that only a part of the increased capital stock was to be paid for in cash. The trial court entered judgment for appellee against Metzler Brothers, and denied him any recovery against Mr. Moses. Metzler Brothers alone appeal.

■ Appellant assigns a large number of errors and presents thereunder four propositions. Its first contention is that its general demurrer to appellee's petition should have been sustained because appellee's suit was based on fraud growing out of a transaction relating to the sale and purchase of stock in a corporation, and that its recovery, if any, was therefore limited to the measure of damage as prescribed by article 4004 of the Revised Statutes. We overrule this contention. Appellee did not seek to recover damage by reason of fraud. His allegation is that he purchased the stock only on condition that the entire stock would be paid for in cash, and that, since that condition never happened, he did not, therefore, in law become a purchaser of stock; and that since appellant appropriated his money to its use and benefit before and without the condition having happened, which would have made his stock subscription binding, he was entitled to recover the money so appropriated as money wrongfully converted, or as money had and received without any contract on his part to purchase the stock, and without any consideration having been paid by appellant therefor.

■ If, as a matter of fact, appellee's purchase of the stock was conditional and the conditions were never complied with, he was entitled to recover the amount he had paid therefor unless he had waived said conditions, or unless by his actions and conduct he had estopped himself from insisting thereon. 14 C. J. 558; Fletcher Ency. Corporations, vol. 2, paragraphs 574, 575, 627 and 646; Commonwealth Bonding & Casualty Ins. Co. v. Meeks (Tex. Civ. App.) 187 S. W. 681 (error ref.); Batsell v. St. Louis A. & T. Ry. Co., 4 Tex. Civ. App. 580, 23 S. W. 552; Panhandle Packing Co. v. Stringfellow (Tex. Civ. App.) 180 S. W. 145; Id. (Tex. Com. App.) 213 S. W. 250; Hesse Envelope Co. v. Addison (Tex. Civ. App.) 166 S. W. 898.

■ By his second proposition, appellant contends that the jury's finding that appellee did not intend to waive his claim for the return of the $2,500 is without support in the evidence; its contention being that under the undisputed evidence appellee waived his claim and elected not to stand upon the condition of his contract, but recognized and accepted the fact that he was a stockholder. We overrule this proposition. A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and the intention to release it. Missouri State Life Ins. Co. v. Dossett (Tex. Civ. App.) 265 S. W. 254; Id. (Tex. Com. App.) 277 S. W. 620; Bering Mfg. Co. v. Carter & Brother (Tex. Civ. App.) 255 S. W. 243; Id. (Tex. Com. App.) 272 S. W. 1105; Sovereign Camp, W. O. W. v. Bailey (Tex. Civ. App.) 277 S. W. 782; Id., 116 Tex. 160, 286 S. W. 456, 288 S. W. 115, 47 A. L. R. 876; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S. W. 438; M., K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 108 S. W. 745 (error ref.).

■ Appellee testified that he did not know the entire capital stock had not been paid for in cash until in April, 1929, at which time he was told by Mr. Moses that there was about $7,000 of unpaid subscriptions, and that Mr. Moses at said time promised to at once collect same in full; that at the stockholders' meeting on September 30th, about the time the meeting adjourned, he learned that there was about $19,000 of the stock that had not been paid for. On the following day, he demanded of Mr. Moses and appellant the return of his $2,500, and repudiated the act of Mr. Moses in using his money to pay for stock in said corporation when the condition on which it had been left with him had not transpired or happened. The question of waiver is ordinarily a question of fact for the jury. 7 R. C. L. 235. The fact that appellee learned in April that $7,000 of the corporate stock had not been paid for in cash, and the fact that he attended a stockholders' meeting and suffered himself to be elected a director, in the face of all of the other facts above stated, does not, we think, as a matter of law constitute a waiver on the part of appellee. Under his testimony, he did not know until practical-

ly the close of the stockholders' meeting, whether before or after he was elected a director is not shown, that about $19,000 of the increased stock had not been paid for. He immediately the following day repudiated the act of Mr. Moses in using his money to pay for stock in said corporation, for the reason that the condition on which he left said money with him had not been complied with. Unquestionably the question of waiver became a fact issue, and was therefore properly submitted to a jury for its determination.

By its third proposition, appellant contends that the definition of waiver as given by the trial court was not the same as that used by the court in submitting the issue of waiver to the jury. No objection was made by appellant calling the trial court's attention to the fact of any difference in the language used in the definition and in the issue as submitted. Appellant did object to the definition as given, but does not assign any error thereto. We think the definition of waiver as given was correct and follows the rule announced in the decisions hereinbefore cited. Article 2185 specifically provides that all objections not urged to the charge are deemed waived, and the courts have uniformly held that a party cannot for the first time in the appellate court complain of the verbiage of a particular charge as given. We do not mean to hold, however, that the issue as submitted by the court is subject to the criticism urged by appellant in this court. The issue submitted embodied the salient features of the definition of waiver; said issue in substance being for the jury to find whether Johnson intended to waive his claim for the return of the $2,500 by anything said or done by him. As before stated, appellant does not in this court contend that the trial court's definition of waiver is erroneous.

By its fourth and last proposition, appellant contends that the trial court committed error in refusing to give its two requested special issues. The issues requested being, in substance, whether appellee attended the meeting of the stockholders of Metzler Brothers on September 30, 1929, and whether he attended the meeting of the board of directors held on said date and took part in said meetings. Each of these issues were purely evidentiary, and an affirmative answer thereto would not have authorized the trial court to enter a judgment for appellant. The record shows without dispute that appellee did attend each of said meetings, and his actions and conduct was properly admitted in evidence to the jury to be taken into consideration by it in determining whether appellee had waived or intended to waive his claim for, or was estopped by his words or action from recovering, the return of his money, because the condition on which same had been left with Mr. Moses had not been complied with.

We have carefully examined each of appellant's assignments of error and propositions, and same are overruled.

The judgment of the trial court is affirmed.