## MRS. STELLA BAKER V. A. H. FELL.

No. 7548. Decided November 6, 1940.
(144 S. W., 2d Series, 255.)

*Carrigan, Hoffman & Carrigan* and *James E. Prothro,* all of Wichita Falls, for plaintiff in error.

Upon the failure of the defendant to obtain a federal loan according to the contract the executory contract involved was terminated and plaintiff at such time had valid grounds to rescind the contract and was within her rights in treating it as terminated. Yeager v. Woodson, 3 S. W. (2d) 822; Haldeman v. Chambers, 19 Texas 1; El Paso & S. W. R. R. Co. v. Eichel & Weikel, 130 S. W. 922.

*T. R. Boone* and *Kearby Peery,* both of Wichita Falls, for defendant in error.

The plaintiff having introduced an executory contract between herself and the defendant for the conveyance of the land in question, the burden was upon the plaintiff to show and offer in good faith upon her part to perform the contract, and a breach upon the part of the defendant of such a nature as would permit her to repudiate the contract, before she can recover the land. Ezell v. Fowler, 20 S. W. (2d) 1097; Kauffman and Runge v. Brown, 16 S. W. 425; Mills v. Mills, 228 S. W. 919.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is an action by plaintiff in error, Mrs. Stella Baker, against defendant in error, A. H. Fell, in trespass to try title. In the trial court the jury returned a verdict in favor of Mrs. Baker upon a peremptory instruction, and judgment was entered thereon. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 123 S. W. (2d) 746.

The case rests upon the construction of a written contract which is set out in full in the opinion of the Court of Civil Appeals. The contract was in the form of a letter signed by Mrs. Baker addressed to Fell. At the foot of the letter was this notation: "Accepted: (Signed) A. H. Fell, (Signed) Louis H. Gould." We set out below such portions thereof as are deemed material here.

"Wichita Falls, Texas
March 6, 1937

"Mr. A. H. Fell
Wichita Falls, Texas.

"Dear Sir:

"For myself individually and as Executrix of the Estate of T. F. Baker, deceased, I agree to convey to you by general warranty deed, subject to the terms and conditions hereof and upon the consideration hereinafter stated, the land and premises described in Exhibit 'A', attached hereto and made a part hereof:

"As a consideration for the foregoing, you are to pay me for said land the sum of $6442.50, in the following manner:

"(a) Cash, $4831.88; said sum to be paid to me upon the final consummation of this deal, but within the time hereinafter stipulated."

Then follow paragraphs (b) and (c) providing for the execution by Fell of a note for $1310.62 and a note for $300.00, the latter being payable to Louis H. Gould, who, it would seem, was the broker in the transaction. Following paragraph (e) are these provisions:

1. "In connection with paragraph (a) above, it is understood that you are applying to some one or more of the Federal Lending Agencies for a loan of seventy-five per cent of the purchase price of the land described in Exhibit 'A'; if said Federal Lending Agencies shall not within fifteen days from this date approve your application for a loan of seventy-five per cent of the purchase price of said land and commit itself to the making of said loan, then this entire contract shall be null and void and be of no binding force or effect upon either party hereto.

2. "I agree to furnish you an abstract of title certified to this date by a competent and responsible abstractor, showing good and merchantable title in me to the land and premises described in Exhibit 'A'; you are to have five days from and after the date of receipt of such abstract of title, within which to have the same examined by your attorney; if valid objections shall be raised thereto, a true copy thereof shall be furnished me at Wichita Falls within said five day period and I shall have ten days within which to effect a cure thereof.

3. "It is understood and agreed that title shall be accepted by you and this trade fully and finally consummated and the consideration aforesaid fully paid within sixty days from this date; and if said title shall not be accepted by you and the entire consideration as herein defined shall not be paid by you as hereinbefore provided within said sixty days, then this contract shall be null and void and neither party bound hereby." (Numbering supplied).

Fell filed an application with the Federal Land Bank for a loan of seventy-five per cent. of the purchase price of the land. The bank and its Commissioner accepted the loan, but for a lesser amount than three-fourths of the value. It is not claimed by Fell that he was successful in procuring a loan from any Federal agency in accordance with the contractual provision of paragraph 1 above copied. His claim of title is based upon this: On May 3, 1937, two or three days before the expiration of the sixty day period named in paragraph 3, above copied, he addressed to Mrs. Maker a letter written by his attorney, which, omitting the introduction and conclusion, reads as follows:

"On March 6, 1937, you made a contract with A. H. Fell, to sell to him a certain tract of land out here Northwest of town, being 257.7 acres, and the contract provides that the title shall be accepted by Mr. Fell and the trade fully and finally consummated and consideration paid within sixty (60) days from date.

"Mr. Fell is now ready to fully consummate this deal, has accepted title and now demands a conveyance as provided in this instrument, and to go through with the deal. He did on the 28th day of April, 1937, accept title and demanded conveyance thereof and was informed by Mr. Hoffman that he did not believe that you intended to go through with the deal, so he filed the contract of record on April 28, 1937, which is now recorded in Vol. 345, page 187 of the Deed Records of Wichita County, Texas, and he here and now accepts the title, here and

now offers the consideration as provided therein and to fully and completely perform and demands performance of you.

"This letter is written at the request of Mr. A. H. Fell, and the writer is having Mr. Fell to sign this letter, giving a copy thereof to Mr. Hoffman."

Fell filed the contract for record on April 28, 1937, which cast a cloud upon Mrs. Baker's title, and this suit followed.

Upon the trial Mrs. Baker proved common source, and the only question is whether she proved a title superior to that of Fell. His claim of title is based solely upon the contract. If he has no equitable title under it, he has no title at all.

Paragraph one of the contract, in plain and unambiguous language, provides that, in the event the contingency therein named, towit, the approval by "Federal Lending Agencies" within fifteen days of Fell's application for a loan of seventy-five per cent. of the purchase price of the land, be not met, then the entire contract shall be null and void and of no binding force or effect upon either party. That contingency or condition was not met. The "Federal Lending Agency" declined to accept the application for that amount. The certain conclusion follows that the contract expired fifteen days after its execution and was no longer binding on either party thereto. It is not a question of forfeiture, cancellation or rescission. The contract simply never became a binding obligation to convey. It expired in virtue of its own provisions. 10 Tex. Jur., Contracts, sec. 197 and authorities there cited; 12 Am. Jur., Contracts, sec. 296.

As we understand the opinion of the Court of Civil Appeals, that Court based its decision upon the conclusion that the provisions of paragraphs two and three of the contract, above copied, control the rights of the parties, or, if not, serve to create an ambiguity, making parol testimony admissible as to their intentions. We can see no conflict or inconsistency whatever between the provisions of the named paragraphs. The contract clearly provided for two conditions precedent to the maturing of any obligation on the part of Mrs. Baker to convey. She obligated herself to convey in the event the named commitment was made by some agency of the Federal Government within fifteen days, provided title should be accepted and the consideration paid within sixty days. She did not bind herself unconditionally for sixty days. She bound herself for fifteen days and then in the event the said commitment should be made by some Federal Agency, and only in that event, for forty-five days longer. To have given rise to any right in himself to compel her to convey, Fell must have done these two

things: First, procure the said commitment within fifteen days, and, second, tender the consideration within forty-five days thereafter. He did not procure the commitment, and his right to compel a conveyance did not, therefore, mature.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court November 6, 1940.