**SMITH v. McKNIGHT et al.**

No. 6142.

Court of Civil Appeals of Texas. Amarillo.

March 12, 1951.

Rehearing Denied April 9, 1951.

Klett, Bean, Evans & Justice, Lubbock, for appellant.

Lindsey & Smith, Lubbock, for appellees.

MARTIN, Justice.

Appellant, J. P. Smith, entered into a written contract with the appellees, Mrs. Maude McKnight and husband, R. A. McKnight, for the purchase of a tract of land in Lubbock County, Texas. Mrs. McKnight in executing this contract purported to act "for all the heirs of the G. W. de Cordova Estate." The contract contained the following provision: " * * * in the event that any of the heirs of the G. W. de Cordova estate should fail or refuse to execute or deliver a deed to his interest in the property, within thirty days from this date this contract and all liability hereunder shall terminate and be cancelled. The escrow money shall be returned to buyer and the deed and possession of the premises shall be returned to the seller."

The signatures of the heirs of G. W. de Cordova were not obtained within the thirty day period of time as provided in the contract. Curative matters as to the abstract of title were not obtained for some months but the appellees continued working on this phase until they finally satisfied the attorney for the appellant.

Appellees demanded performance of the contract but appellant did not have the purchase money and had made no attempts to procure the agreed cash consideration except by attempting to sell the land described in the contract. The contract of sale not being completed, appellees demanded the $775 as placed in escrow and agreed upon as liquidated damages. From that point forward the controversy centered around whether an abstract had been furnished showing merchantable title and as to whether appellees had tendered appellant a deed and as to whether appellant and appellees had recognized the contract as being in full force and effect after its termination.

It is observed that there was no pleading of extension, waiver or estoppel in the original pleadings. Appellees, at the close of the evidence in the trial court, filed a trial amendment pleading waiver.

Upon jury findings, the trial court entered a judgment for the appellees and against appellant for the sum of $775 as liquidated damages. The appellant perfected an appeal and relies upon four points of error for a reversal of the trial court judgment. A discussion of these points follows.

Appellant's Point Two will be only briefly discussed as the same is not material to a disposition of the cause and is not regarded as being of sufficient merit to show harmful error. Point Two is as follows: "Because there is no evidence the plaintiff ever tendered deed to defendant, the trial court erred in refusing to give defendant's request that the jury be instructed to find for defendant. Likewise the jury erred in its finding under Special Issue No. 2 that the plaintiff ever tendered such deed." This point is without merit in that the statement of facts discloses that had a tender been timely made under the contract the appellant was not at any time in a position to accept the tender and pay

the agreed consideration. The evidence further discloses sufficient evidence to sustain the jury finding of a tender of the deed. Regardless of the facts as to tender, no harm could accrue to the appellant under this issue as his own declarations and conduct show that any tender by appellees would have been ineffectual. Point Two is overruled.

Appellant's Point Three is as follows: "The affirmative answer of the jury to Special Issue No. 3, to the effect that within a reasonable time after making contract of sale the defendant refused to accept deed, is without any evidence to support it." An examination of the facts in the light of the applicable rules leads to the conclusion that there was sufficient evidence to support this jury finding and this point is overruled. This point becomes immaterial as will be hereinafter shown.

Under the present record, the merits of this cause can be adjudicated under appellant's Points One and Four. Appellant's Point One is lengthy but in effect asserts that since the contract in issue contained a provision for its termination on failure of the heirs of G. W. de Cordova to execute a deed to the land within thirty days of the date of execution of the contract, upon the uncontroverted evidence establishing that the heirs did not so execute a deed within the thirty day period he was entitled to a peremptory instruction to the jury to return a verdict against the plaintiff.

Under the contract clause in issue the appellant insists that the cause is governed by Baker v. Fell, 135 Tex. 375, 144 S.W.2d 255, while the appellees as strongly contend that the cause is governed by Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555 and Puckett v. Hoover, 146 Tex. 1, 202 S.W.2d 209. Each party supports his contention with lengthy and detailed briefs.

In considering Point One, it is observed that there is no pleading of extension in this cause and that no issue as to extension was submitted to the jury. Nor do we find in this cause at issue any written extension and the making of valuable im-

provements on the land in reliance thereon as found in Langley v. Norris, supra. Under these elements alone, Langley v. Norris, supra, may be eliminated and the cause examined only in the light of Baker v. Fell, 135 Tex. 375, 144 S.W.2d 255 and Puckett v. Hoover, 146 Tex. 1, 202 S.W.2d 209.

The contract clause here in issue is as follows: "In the event that any of the heirs of the G. W. de Cordova estate should fail or refuse to execute or deliver a deed to his interest in the property within thirty days from this date, this contract and all liability hereunder shall terminate and be cancelled." It cannot be seriously contended that this clause in the contract between appellant and appellees does not place the contract squarely within the rule laid down by Baker v. Fell, supra, "It is not a question of forfeiture, cancellation or rescission. The contract simply never became a binding obligation to convey. It expired in virtue of its own provisions." [135 Tex. 375, 144 S.W.2d 257.]

■ Although the contract terminated by its own provisions, this might not necessarily effect a final determination of the cause under other elements developed in the trial court. But, in the light of the contention as to waiver here raised by the appellees, it can be said that the contract did terminate under the provisions of Baker v. Fell, supra, and that this termination of the contract had a vital legal effect upon the application of the rules as to waiver as hereinafter more fully shown.

Appellees contend that this cause is not within Baker v. Fell, supra, by reason of the statement of the court made in regard to Baker v. Fell, as found in Puckett v. Hoover, 146 Tex. 1, 202 S.W.2d 209, 212, to wit: "In that case no contention was advanced that the stipulated time limit was extended either by agreement (as in Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555) or by waiver." Since appellees contend that this cause is within such quoted ruling and that the contract was "extended by agreement or by waiver," an examination of this cause in the light of such ruling follows.

As to the issue of waiver and extension this cause is governed by Baker v. Fell, 135 Tex. 375, 144 S.W.2d 255 and not by Puckett v. Hoover, 146 Tex. 1, 202 S.W.2d 209, as will be disclosed by an examination of the cause here in issue in the light of both of said opinions as follows:

(a) As to the issue of extension, it is pointed out hereinabove why this cause is not within the ruling of Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A. L.R. 555, and this discussion is equally applicable to the question of extension as set forth in Puckett v. Hoover, supra.

(b) This contract contains an express clause under which the contract expires, or terminates, by its own provisions as did the contract in Baker v. Fell, supra. There is no such clause in the contract set forth in Puckett v. Hoover, supra, but only a draft payable on or before thirty days from date and approval of title.

(c) In this cause there was a trial amendment pleading waiver but no issue was submitted to the jury under the rules of waiver and appellees requested no issue and no instruction as to waiver. An insight into the issue of waiver may be found in Futrell v. Martin, Tex.Civ.App., 40 S.W.2d 946.

In addition to the above elements, the issue of waiver alone is now treated in detail. If we are to accept the ruling as set forth in Baker v. Fell, supra, we must view this cause in the light that the contract between the parties terminated within thirty days of its execution date by reason of its own provisions. As "waiver" is the basis of appellees' position, let us first examine generally the elements of waiver and then apply them to the cause here at issue. An examination of the general rules as to waiver shows the following. 67 C.J. page 299, Sec. 4, states: "In order to constitute a waiver, the right, benefit, or advantage in question must be in existence at the time, * * *. Thus, one cannot waive that which is not his as of right at the time of waiver; * * *. A person cannot waive a right before he is in a position to assert it. There can be no waiver of a nonexistent right."

A further examination shows that the courts of Texas have frequently stated the elements of waiver. "To constitute waiver, there must be an existing right, benefit, or advantage waived, with full knowledge of its existence, with an intention to relinquish such right for a valuable consideration. Payne v. Beaumont, Tex.Civ.App., 245 S.W. 94. "Further, one of the essential elements of a waiver is, the existence of an opportunity for choice between a relinquishment and the enforcement of the right in question." Roberts v. Griffith, Tex.Civ.App., 207 S.W.2d 443, 446. "Where no duty is imposed no waiver can be imputed." Citizens National Bank v. Texas Compress Co., Tex.Civ.App., 294 S.W. 331, at page 338. "Waiver is the intentional relinquishment of a known right". Metzler Bros. v. Johnson, Tex. Civ.App., 45 S.W.2d 263, 264. "A 'waiver' is the giving up, relinquishment, or surrender of some known right, and takes place where a man dispenses with the performance of something which he has a right to exact. 40 Cyc. pp. 252, 253." Missouri State Life Ins. Co. v. Le Fevre, Tex.Civ. App., 10 S.W.2d 267, 269.

An examination of the authorities on waiver shows no material deviation from the rules quoted above. Let us now apply the rules as set forth to the cause here on appeal. Under the ruling in Baker v. Fell, supra, the contract terminated by its own provisions. This termination of the contract deprived the parties of any further legal rights thereunder. One of the elements of waiver is the requirement that there be an existing "right, benefit or advantage" and this element ceased to exist on termination of the contract. Upon termination of the contract, where is to be found the element of "choice between a relinquishment and the enforcement of the right in question." Could appellant have enforced the contract in the face of a plea by the appellees that the heirs had not signed the deed and that the contract had thereby terminated? If the heirs had never signed the deed, can it be seriously contended that appellant could have compelled the performance of the contract?

Did the contract terminate on the failure of the heirs to execute the deed within the thirty day period as agreed upon by the parties and then come to life three months later when the heirs did execute the deed? Nor can it be seriously contended that the appellant "dispensed with the performance of something which he had a right to exact." It cannot be correctly contended that he had a right to compel the appellees to perform under a contract which had terminated by its own provisions.

A summary of the essential points involved in the question of application of the rule as to waiver shows that for waiver to apply there must be the "intentional relinquishment of a known right." Upon termination of the contract, there then existed no "known right" subject to relinquishment. It appears that there may be soundly added to the expressions in regard to the principle of waiver the following thought: Waiver creates no right, it merely acts in regard to an existing right. You cannot effect a contract or an extension of a contract by waiver. You can only waive the existing rights thereunder. It will not be here assumed that any contention has ever been seriously made that no distinction exists at law between "waiver" and "extension." It is recognized that even after the contract had terminated, that had appellees tendered a deed in proper form as to the lands, the appellant had, in the absence of other elements, the legal right to reject the same or he could have waived this right by paying the consideration and accepting the deed. But, under the particular facts of this record, the principle of waiver could avail the appellees nothing.

Appellant's Point Four is as follows: "The affirmative finding of the jury to Special Issue No. 4 to the effect that the plaintiff and defendant recognized the contract as being in full force and effect up until the time defendant failed and refused to pay the purchase price is without any evidence to support it." This issue is apparently taken from the pleadings and no objections are found as to the court's charge nor was any issue or instruction requested by the parties as to either "extension" or "waiver."

Special Issue No. 4 has been carefully examined as it is the foundation of the cause here in issue. It should be stated here that tender of a deed and refusal to accept a deed become immaterial issues if there were no obligation at law on one party to tender the deed nor any obligation at law on the other party to accept the same. The evidence is sufficient to support the jury finding of "yes" as made to Special Issue No. 4. But, in the light of the authorities examined, this issue is not an ultimate fact issue as required to effect a final determination of the cause under the theory of either waiver or extension. An issue of "waiver" is found in Futrell v. Martin, Tex.Civ.App., 40 S. W.2d 964, together with a ruling as to an instruction on the term "waiver." A ruling in Security Motor Co. v. Chestnut, Tex. Civ.App., 244 S.W. 385, 388, might well be taken as a direct ruling on Special Issue No. 4 as submitted in the trial court. Security Motor Co. v. Chestnut, supra, is a cause containing a ruling on a contract which terminated by its own provisions. An examination of the opinion reveals the following: "The contract had already expired by its own terms * * *. The fact that the parties to a contract containing such a clause as that above copied from the Frawley agreement by their acts and declarations indicate an intention to treat the written contract as continuing after the time prescribed in it for its termination does not have the effect to continue the contract." The case cites Corpus Juris, Vol. 13, p. 626, wherein may be found the following language: "Extension. The fact that the parties by their acts and declaration indicate an intention to treat a written contract as continuing after the time prescribed in it for its termination will not have the effect of continuing such contract, * * *." See 17 Corpus Juris Secundum, Contracts, § 449, p. 929.

Although it is observed that the language quoted is not identical with that of Special

Issue No. 4, a search of the decisions could hardly reveal a statement more near as to language or more direct in principle. The evidence supported the finding of the jury on Special Issue No. 4, but this finding does not effect a continuation of the contract by extension nor does it effect a final determination of the cause under the theory of waiver.

It will be noticed that the expression "extension" is mentioned in the paragraph hereinabove. An examination of the authorities quoted leads into the field of extension of contracts and therefore requires a statement both as to extension and waiver. This opinion is extended, but each party to the cause has vigorously asserted at length the soundness of his position and all contentions asserted by the parties to the cause have been examined in detail. A summary of the rulings herein as essential to a decision on the cause follows and this opinion goes no further than the rulings expressed.

(a) The contract in issue terminated by reason of the express stipulations of the parties as therein contained. Baker v. Fell, 135 Tex. 375, 144 S.W.2d 255.

(b) Under the record now before the court, upon the termination of the contract, no rights accrued to the appellees under the principle of waiver. The rulings on the question of tender of a deed by appellees and as to rejection of the same by the appellant are not material in the light of the express rulings here made.

As stated hereinabove, the ruling of Baker v. Fell, supra, under which the contract in issue terminated by reason of its own provisions, might not necessarily effect an instructed verdict for the appellant as to the respective rights of the parties hereto under issues that may be developed and ruled on in the trial court. It is not to be presumed that any ruling is here attempted to be made upon pleadings, evidence and issues not before the court in this appeal but it does appear that the cause was not fully developed in the trial court.

The judgment of the trial court is reversed and the cause is remanded.